IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AARON BROWN,

        Plaintiff,                                       No. C 07-06504 JSW

  v.

COMMUNITY HOUSING PARTNERSHIP         **ORDER**
and SUPERIOR COURT OF THE STATE OF
CALIFORNIA AND COUNTY OF SAN
FRANCISCO DEPARTMENT 501, et al.,

        Defendants.
                                             /

      IT IS ORDERED the U.S. Marshal for the Northern District of California re-serve, without prepayment of fees, a copy of the complaint, any amendments, scheduling orders, attachments, plaintiff's affidavit and this order upon the defendants in order to prefect service.

      On December 31, 2007, the Court denied Plaintiff's *ex parte* motion to stay order of eviction because granting the motion would have required the Court to stay an order of the state court in violation of 28 U.S.C. § 2283. Later that day, Plaintiff filed a document entitled "Reconsideration for Extension of Time Regarding Stay Order/And New Trial," which this Court construes as a motion for reconsideration of the order denying his requested stay.[1]

      A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time

---

[1] Although Plaintiff should have moved the Court for leave to file a motion for reconsideration, because he is appearing *pro se*, the Court will overlook this strict procedural requirement. Civil L.R. 7-9(a).

of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. Civ. L.R. 7-9(b)(1)-(3). In addition, the moving party may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c). Plaintiff merely reargues his request for a stay, without providing any basis for the Court to reconsider the order pursuant to Civil Local Rule 7-9. Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

On January 4, 2008, Plaintiff filed a document entitled "Ex Parte - Preliminary Injunction." A motion for preliminary injunction is a motion which must be served and noticed in accordance with the Local Rules, which it does not appear that Plaintiff has done. Civ. L.R. 7-2. Moreover, the motion is incomprehensible. Accordingly, the Court DENIES the motion.

**IT IS SO ORDERED.**

Dated: February 7, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AARON BROWN,

        Plaintiff,

  v.

COMMUNITY HOUSING et al,

        Defendant.
                                     /

Case Number: CV07-06504 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aaron Brown
Attn: Bill
276 Golden Gate Avenue
San Francisco, CA 94102

Dated: February 7, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk