1  MORGAN, LEWIS & BOCKIUS LLP
   DIANE L. WEBB, State Bar No. 197851
2  One Market, Spear Tower
   San Francisco, CA  94105
3  Tel:    415-442-1000
   Fax:    415-442-1001
4  E-mail:dwebb@morganlewis.com

5  MORGAN, LEWIS & BOCKIUS LLP
   LILLIAN WOUNG, State Bar No. 253430
6  2 Palo Alto Square
   3000 El Camino Real, Suite 700
7  Palo Alto, CA 94306
   Tel:    650-843-4000
8  Fax:    650-843-4001
   E-mail:lwoung@morganlewis.com
9
   Attorneys for Defendant
10 COMMUNITY HOUSING PARTNERSHIP

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

15 AARON BROWN,                          Case No. CV 07-06504 JSW

16             Plaintiff,                **DEFENDANT COMMUNITY HOUSING
                                         PARTNERSHIP'S NOTICE OF MOTION
17    v.                                 AND MOTION TO DISMISS
                                         COMPLAINT, MEMORANDUM OF
18 COMMUNITY HOUSING                     POINTS AND AUTHORITIES IN
   PARTNERSHIP; SUPERIOR COURT OF        SUPPORT OF MOTION TO DISMISS
19 THE STATE OF CALIFORNIA,              COMPLAINT [FRCP 12(b)(1), 12(b)(3),
   DEPARTMENT 501,                       12(b)(5), AND 12(b)(6)], AND
20                                       CERTIFICATION OF INTERESTED
             Defendants.                 ENTITIES OR PERSONS AND
21                                       DISCLOSURE STATEMENT BY
                                         DEFENDANT [L.R. 3-16; F.R.C.P. 7.1]**
22
                                         Hearing Date: April 11, 2008
23                                       Hearing Time: 9:00 a.m.
                                         Location:    Courtroom 2, 17th Floor
24                                       Judge:    The Honorable Jeffrey S. White
25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7664526.1

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 11, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-referenced court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, defendant Community Housing Partnership will, pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(5), and 12(b)(6) move for an order dismissing plaintiff Aaron Brown's ("Plaintiff") complaint on the grounds that Plaintiff fails:  (1) to allege facts sufficient to establish this Court's subject matter jurisdiction over the matters contained within the complaint; specifically, the Complaint's allegations fail to demonstrate that the parties are diverse, the amount in controversy, or that the Complaint involves a federal question; (2) to state a claim upon which relief can be granted; and (3) service of process is insufficient as CHP was not served with all attachments and/or exhibits referenced in the Complaint.

This motion is based upon this Notice, the Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and papers filed herein, and on such other evidence and argument as may be presented before or at the hearing on this motion.

Dated: February 13, 2008                    MORGAN, LEWIS & BOCKIUS LLP


By _____/s/_____
                    DIANE L. WEBB
                    Attorneys for Defendants
                    Community Housing Partnership

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7664526.1                                                    2
DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT .................................................1

II.  STATEMENT OF FACTS .................................................................................2

     A.   The Parties. ....................................................................................2

          1.   Plaintiff Mr. Brown ...................................................................2

          2.   Defendant Community Housing Partnership ...........................................2

          3.   Defendant Superior Court of the State of California, City and County of San Francisco...............................................................2

     B.   Factual Allegations. ...........................................................................3

III. ARGUMENT ..............................................................................................4

     A.   Plaintiff Fails to Establish That This Court has Jurisdiction Over the Matters Contained Within His Complaint.................................................4

          1.   The matters contained within plaintiff's Complaint do not arise under federal law, the United States Constitution, or the treaties of the United States................................................................................5

          2.   This is not a diversity action; the Complaint should be dismissed. ............6

     B.   Plaintiff Fails to State a Cause of Action Pursuant to Federal Rule of Civil Procedure 12(b)(6). .......................................................................7

     C.   Plaintiff Failed to Serve CHP With the Attachments and Exhibits Referenced in His Complaint. ...............................................................7

IV.  CONCLUSION ...........................................................................................8

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7664526.1

i

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Busch v. Torres,*
  905 F. Supp. 776, 771 (C.D. Cal. 1995)..................................................................5, 7

*Franchise Tax Bd. v. Construction Laborers Vacation Trust,*
  463 U.S. 1 (1983)............................................................................................5

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
  511 U.S. 375, 380-381 (1994)............................................................................4

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) ...........................................................................7

*Pan Am. Corp. v. Superior Court,*
  366 U.S. 656, 663 (1961) .................................................................................5

*Rilling v. Burlington No. R.R. Co.,*
  909 F.2d 399, 401 (9th Cir. 1990).......................................................................6

*Ruhrgas A.G. v. Marathon Oil Co.,*
  526 U.S. 574 (1999) .......................................................................................6

*Wander v. Kaus*
  304 F.3d 856 (9th Cir 2002) .............................................................................5

*Warren v. Fox Family Worldwide, Inc.,*
  383 F.3d 1136, 1139 (9th Cir. 2003)...................................................................5

**Statutes**

Fed. R. Civ. P. 12(b)(1)..............................................................................1, 2, 4

Fed. R. Civ. P. 12(b)(3)...............................................................................1, 2

Fed. R. Civ. P. 12(b)(5)..............................................................................1, 2, 7

Fed. R. Civ. P. 12(b)(6)..............................................................................1, 2, 7

Fed. R. Civ. P. 7.1...........................................................................................8

Fed. R. Civ. P. 8(a)......................................................................................4, 5

U.S.C. § 1332.................................................................................................6

U.S.C. § 1332(c)(1)........................................................................................6

**Other Authorities**

*California Practice Guide,*
  *Federal Civil Procedure Before Trial,* ¶ 9:88 ....................................................6

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

# TABLE OF AUTHORITIES

Page

*California Practice Guide, Federal
Civil Procedure Before Trial,* ¶ 102.50 .........................................................................6

*California Practice Guide, Federal
Civil Procedure Before Trial,* ¶ 9:84a ............................................................................5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COMMUNITY HOUSING PARTNERSHIP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

3

4

Defendant Community Housing Partnership ("CHP" or "Defendant") respectfully submits

5

this memorandum of points and authorities in support of its motion to dismiss, without leave to

6

amend, plaintiff Aaron Brown's ("Plaintiff" or "Mr. Brown") complaint ("Complaint" or

7

"Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3),  12(b)(5) , and

8

12(b)(6).

9

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

10

Plaintiff's Complaint against defendant Community Housing Corporation should be

11

dismissed without leave to amend.  The Complaint contains fatal defects that cannot be cured by

12

amendment.

13

First, dismissal pursuant to FRCP 12(b)(1) is proper.  Plaintiff fails to allege facts

14

sufficient to establish this Court's subject matter jurisdiction over the issues raised in his

15

Complaint.  Specifically, the Complaint's allegations demonstrate that the parties are not diverse,

16

and Mr. Brown's claims do not involve a federal question.  *See* Compl. at 2 ("plaintiff/appellant

17

above, bringing this cause of action before the court – U.S. District Court (JSW) for said relief or

18

respect granting a new trial.  And appealing immediate stay of enforcement of Judgment Order In

19

Superior Court Of California County of San Francisco – Appellate Division.").  When distilled

20

down, it is apparent that Plaintiff's Complaint impermissibly requests this Court to review a state

21

court judgment entered against him – the result of a prior unlawful detainer action brought by

22

CHP.

23

Second, for similar reasons the Complaint fails to state a claim for relief.  The Complaint

24

consists of unintelligible, improper, and insufficient allegations, and fails to allege any claim

25

upon which relief can be granted.  Again, liberally construed, the Complaint improperly seeks

26

reconsideration and/or appellate review of a California state trial court judgment.  *See* FRCP

27

12(b)(1),(3),(6); Compl. at 2:1-8.  Such relief is not available to Plaintiff in the federal courts.

28

Third, Plaintiff's Complaint contains numerous references to exhibits and/or attachments.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7664526.1                                                        1

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

1  CHP, however, was never served with any such exhibits and/or attachments. Accordingly, the

2  Complaint should also be dismissed on the grounds of insufficiency of service of process. FRCP

3  12(b)(5).

4  As outlined above and as demonstrated below, Plaintiff's Complaint should be dismissed

5  without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(5),

6  and 12(b)(6). The defects contained within the Complaint cannot be cured.

7  **II.    STATEMENT OF FACTS**

8  **A.    The Parties.**

9  **1.    Plaintiff Mr. Brown**

10  Pursuant to the caption page of his Complaint, Plaintiff is an individual whose address is

11  "519 Ellis St #507, San Francisco, Calif. 94108."[1] Compl. at caption page.

12  **2.    Defendant Community Housing Partnership**

13  Mr. Brown alleges that CHP is his "landlord," and he is "and has been a tenant of

14  [defendant] Community Housing Partnership beginning August 2003 – up till the present

15  moment. (over 4 yrs)." Compl. at 2:15-22; *see* CHP's Request for Judicial Notice ("RJN"), ¶ 1,

16  Exh. 1.

17  **3.    Defendant Superior Court of the State of California, City and County of San Francisco**

18

19  Mr. Brown also names the Superior Court in and for the County of San Francisco as a

20  defendant, which adjudicated the underlying unlawful detainer action against Plaintiff, and

21

22  [1] Defendant CHP will attempt to serve this motion by mail on Plaintiff at the address appearing
   on his Complaint and at the Golden Gate Avenue, San Francisco, California address appearing on
23  this Court's website. Nonetheless, CHP should not be held a captive party to this action due to
   Plaintiff's failure to apprise Defendant of where and how he can accept service. Parties have an
24  ongoing obligation to notify the court and other parties of a change of address. *See* Local Rule 3-
   11(a)(b) ("(a) Duty to Notify. An attorney or a party proceeding pro se whose address changes
25  while an action is pending must promptly file with the Court and serve upon all opposing parties a
   Notice of Change of Address specifying the new address. (b) Dismissal Due to Failure. The
26  Court may, without prejudice, dismiss a complaint or strike an answer when: (1) Mail directed to
   the attorney or pro se party by the Court has been returned to the Court as not deliverable; and (2)
27  The Court fails to receive within 60 days of this return a written communication from the attorney
   or pro se party indicating a current address.").

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7664526.1                    2

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

1  entered judgment in favor of CHP.  *See* Compl. at Caption and 13:1-14:12; RJN, ¶ 2; Exh. 2[2].

2      **B.    Factual Allegations.**

3      Plaintiff's allegations that are relevant to this motion are as follows:  "On October 12,

4  2007 . . . [he received a] Three Day Notice to Cure or Quit regarding a Fire – Alarm issue and

5  tenants (10-30-07) discrepancies . . . ."  Compl. at 2:21-24.  On November 1, 2007, CHP filed an

6  unlawful detainer action against Plaintiff.  *See id.* at 20:12-22; RJN, ¶ 2; Exh. 2 (San Francisco

7  Superior Court Register of Actions in the action entitled *Community Housing Partnership, a*

8  *California non-profit corporation v. Aaron Brown, et al.*, San Francisco Superior Court Case No.

9  07-623924).

10     Nonetheless, as demonstrated by the San Francisco Superior Court's Register of Actions,

11  at the conclusion of the trial on the state court unlawful detainer action, on December 20, 2007,

12  the San Francisco Superior Court ordered judgment entered in favor of CHP:

13         IT IS ADJUDGED THAT PLAINTIFF COMMUNITY HOUSING
           PARTNERSHIP, A CALIFORNIA NONPROFIT
14         CORPORATION RECOVER FROM DEFENDANT BROWN,
           AARON THE RESTITUTION AND POSSESSION OF THE
15         PREMESIS [SIC]: 519 ELLIS ST. #507, LEASE FORFEITED, A
           WRIT OF POSSESSION DIRECTING THE SHERIFF FOR THIS
16         COUNTY REMOVE THE ABOVE-DESCRIBED PROMISES
           FORTHWITH.  THAT PLAINTIFF COMMUNITY HOUSING
17         PARTNERSHIP, RECOVER FROM DEFENDANT AARON
           BROWN PER DIEM DAMAGES OF $425.50.

18

19  RJN, ¶ 2; Exh. 2 (emphasis in original); *id.*, ¶ 3; Exh. 3.

20     In fact, pursuant to the Superior Court's Register of Actions, Mr. Brown continues to

21  litigate and/or attempts to appeal the underlying unlawful detainer action in the San Francisco

22  Superior Court and the California Court of Appeal.  *See* RJN, ¶ 2; Exh. 2; *id.*, ¶¶ 4-8; Exh. 4-8.

23  For example:

24         • On December 28, 2007, the Superior Court entered an order denying Plaintiff's
             request for an immediate stay of the enforcement of the unlawful detainer
25           judgment.

26  _____

27  [2]  In his "conclusion," Plaintiff also attempts to name additional individuals as defendants without
     any allegations as to who or what they are and how they fit within the Complaint's allegations.
28  *See* Compl. at 19:15-26.  These individuals, however, do not appear on Plaintiff's caption page.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7664526.1                    3

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

- On January 2, 2008, the Superior Court denied Plaintiffs petition for writ of mandate and request for disability accommodations as moot.

- Plaintiff appealed the Superior Court unlawful detainer judgment, and that on January 7, 2008, the Superior Court sent Plaintiff a notice of default on his appeal from the judgment.

- Plaintiff filed a motion with the Superior Court to be relieved of the default, which is set to be heard on February 22, 2008.

RJN, ¶ 2; Exh. 2; *id.,* ¶¶ 4-8; Exhs. 4-8.

Despite Plaintiff's continued efforts to litigate in state court, by way of his federal court action he seeks duplicate relief and, in any event, relief well beyond this Court's jurisdiction, including, but not limited to, "a new trial" and "immediate stay of enforcement" of the state court judgment order, medical costs "(incurred as a result of this filing)," punitive and compensatory damages, injunctive relief "– stay order new/trial," and other damages the court deems proper. Compl. at 19:1-13; 11:13-19 ("Anyway I hope this court will grant me a new trial And vacate Judgment or extention of time. I was not treated fairly according to the judicial process."). These matters can only be decided by the state court, not the federal court.

## III.    ARGUMENT

### A.    Plaintiff Fails to Establish That This Court has Jurisdiction Over the Matters Contained Within His Complaint.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant – such as CHP – to request a court dismiss a complaint based on a lack of subject matter jurisdiction. Federal courts can only adjudicate cases involving diversity of citizenship, a federal question, or one to which the United States is a party. None of these bases for federal court jurisdiction are present here.

Plaintiff bears the burden of establishing that the court has subject matter jurisdiction to adjudicate the case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-381 (1994). Rule 3-5(a) of this Court's Local Rules requires each complaint contain allegations specifying the basis for federal jurisdiction. Additionally, FRCP 8(a) requires a short and plain statement of the grounds on which the court's subject matter jurisdiction depends. The statement must allege the basis for federal question jurisdiction or diversity jurisdiction.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7664526.1

4

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT, MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.* Case No. CV 07-06504 JSW

1    Here, Plaintiff fails to meet his burden.  No basis for jurisdiction is alleged nor can any

2    basis for jurisdiction be gleaned from the Complaint's allegations.  Plaintiff has not, and cannot,

3    establish this Court's subject matter jurisdiction over the matters alleged in his Complaint.

4         **1.    The matters contained within plaintiff's Complaint do not arise under**
             **federal law, the United States Constitution, or the treaties of the**
5            **United States**

6    Simply stated, Plaintiff's Complaint is not properly before this Court.  On its face, the

7    Complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a).

8    *Warren v. Fox Family Worldwide, Inc.*, 383 F.3d 1136, 1139 (9th Cir. 2003).

9    U.S.C. § 1331 provides that federal district courts have original jurisdiction over civil

10   actions arising "under the Constitution, laws, or treaties of the United States."  A claim "arises"

11   under federal law for the purposes of § 1331 if:  (1) a federal law creates the plaintiff's cause of

12   action (*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)); or

13   (2) a state law creates the cause of action, but a federal law is a necessary element of the

14   plaintiff's claim.  *Wander v. Kaus* 304 F.3d 856, 858 (9th Cir 2002).  The well-pleaded facts of

15   the complaint must establish that the claim itself is grounded in federal law.  *Pan Am. Corp. v.*

16   *Superior Court*, 366 U.S. 656, 663 (1961).  Additionally, there are no reasonable inferences that

17   can be made from the Complaint's allegations that would confer jurisdiction on this Court.

18   *California Practice Guide, Federal Civil Procedure Before Trial*, ¶ 9:84a (The Rutter Guide

19   2007).

20   For example, the U.S. District Court for the Central District of California held that under

21   the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review state court

22   decisions; the federal district court was precluded from reviewing state court judgment in

23   unlawful detainer action and the subsequent enforcement of its judgment through writ of

24   possession for the premises.  *Busch v. Torres*, 905 F. Supp. 776, 771 (C.D. Cal. 1995).  That is

25   exactly the relief that Plaintiff seeks here.

26   Plaintiff does not allege specific claims, but rather requests this Court review a state court

27   unlawful detainer judgment and grant him a new trial.  Compl., 19:1-13; 11:13-19.  Plaintiff's

28   Complaint does not arise under federal law, nor is federal law a necessary element of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7664526.1                                    5

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

1  Complaint. *See id.*

2      Accordingly, Plaintiff's Complaint does not allege an action "arising under" federal law,

3  the Constitution, or treaties of the United States and should be dismissed without leave to amend.

4  *See generally*, Compl.

5          **2.      This is not a diversity action; the Complaint should be dismissed.**

6      A complaint, like Plaintiff's Complaint here, "that fails to allege *both* (1) diversity of

7  citizenship *and* (2) the proper amount in controversy is subject to a Rule 12(b)(1) facial attack."

8  *California Practice Guide, Federal Civil Procedure Before Trial*, ¶ 9:88 (citing *Rilling v.*

9  *Burlington No. R.R. Co.*, 909 F.2d 399, 401 (9th Cir. 1990)) (emphasis in original).

10     Courts have interpreted U.S.C. § 1332's diversity requirement to require complete

11  diversity of citizenship, meaning all plaintiffs must be diverse from all defendants. *Ruhrgas A.G.*

12  *v. Marathon Oil Co.,* 526 U.S. 574, 580 n.2 (1999). A person is a citizen of a particular state if he

13  or she is both: (1) a citizen of the United States; and (2) domiciled within that state.

14     Plaintiff is domiciled within California. He alleges that he has been a tenant of CHP's in

15  San Francisco since August 2003, and the caption of his Complaint indicates his address is "519

16  Ellis St #507, San Francisco, Calif. 94108."[3]

17     As for CHP, pursuant to U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of

18  any state by which it has been incorporated and of the state where it has its principal place of

19  business. *California Practice Guide, Federal Civil Procedure Before Trial*, ¶ 102.50. Defendant

20  CHP is a California corporation. RJN, ¶ 1; Exh. 1. Therefore, CHP is also citizen of California.[4]

21     Based on the foregoing, complete diversity is lacking because Plaintiff fails to allege that

22  the amount in controversy exceeds $75,000 and that Plaintiff and all defendants are citizens of

23  California. Accordingly, this Court's subject matter jurisdiction cannot be established on

24  diversity grounds.

25

26

27

[3] Plaintiff makes no allegations as to his citizenship. It is his burden to do so.

[4] Notwithstanding that defendant San Francisco Superior Court is a division of the California state government.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7664526.1                    6
DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

1

**B.    Plaintiff Fails to State a Cause of Action Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

2

3    Part or all of a complaint must be dismissed if it "fail[s] to state a claim upon which relief

4    can be granted[.]" Fed. R. Civ. P. 12(b)(6).  Dismissal is proper where the complaint's

5    allegations, even if taken as true, would not entitle the Plaintiff to recover.  *Navarro v. Block*, 250

6    F.3d 729, 732 (9th Cir. 2001).

7    Plaintiff's Complaint is not organized in terms of causes of action.  It is unintelligible

8    from a pleading standpoint as it is unclear from the face of the Complaint what Plaintiff's specific

9    claims are against CHP.  The complaint fails to properly state a claim.

10    Nonetheless, what is clear is that Plaintiff seeks relief beyond this Court's jurisdiction,

11    including, but not limited to, "a new trial" and "immediate stay of enforcement" of the state court

12    judgment order, medical costs "(incurred as a result of this filing)," punitive and compensatory

13    damages, injunctive relief "– stay order new/trial," and other damages the court deems proper.

14    Compl. at 19:1-13; 11:13-19 ("Anyway I hope this court will grant me a new trial And vacate

15    Judgment or extention of time.  I was not treated fairly according to the judicial process.").  These

16    matters must be decided by the state courts.  *Busch*, 905 F. Supp. at 771.

17    Accordingly, the Complaint does not state the grounds upon which relief can be granted.

18    The motion to dismiss should be granted.

19

**C.    Plaintiff Failed to Serve CHP With the Attachments and Exhibits Referenced in His Complaint.**

20

21    Plaintiff's Complaint contains numerous references to exhibits and/or attachments.  *See*

22    *e.g.*, Compl., at 2:13 ("(O.F.E.J.) 1 of 2-2 of 2"); 3:8 (("See Ex. 2 of 3 – attached"); 4:13 ("See

23    Ex-ME- Attached (memo)") (emphasis in original).  None of the attachments and/or exhibits was

24    served on Defendant.  Accordingly, the Complaint should also be dismissed on the grounds of

25    insufficiency of service of process.  FRCP 12(b)(5).

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7664526.1

7

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

**IV.    CONCLUSION**

For all the foregoing reasons, defendant Community Housing Corporation respectfully requests that plaintiff Aaron Brown's entire Complaint be dismissed without leave to amend. The Complaint contains fatal defects that cannot be cured by amendment.

**DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1, Community Housing Partnership states that it is a California non-profit corporation and that there are no interests and no publicly held corporation owns 10% or more of its stock.

**CERTIFICATION OF INTERESTED PERSONS AND ENTITIES**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there are no other persons or entities that may have a pecuniary interest in the outcome of this case.

Dated: February 13, 2008                    MORGAN, LEWIS & BOCKIUS LLP


By _____/s/_____
      DIANE L. WEBB
      Attorneys for Defendants
      Community Housing Partnership

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7664526.1                                              8

DEFT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF AND MOTION TO DISMISS COMPLAINT,
MEMO P&A ISO OF MOTION TO DISMISS COMPLAINT & CERT. OF INTERESTED PARTIES, *et al.*
Case No. CV 07-06504 JSW

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On February 13, 2008, I served the within document(s):

DEFENDANT COMMUNITY HOUSING PARTNERSHIP'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT [FRCP 12(B)(1), 12(B)(3), 12(B)(5), AND 12(B)(6)], AND CERTIFICATION OF INTERESTED ENTITIES OR PERSONS AND DISCLOSURE STATEMENT BY DEFENDANT [L.R. 3-16; F.R.C.P. 7.1]

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐   by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☐   by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

| Party | Served Via |
|---|---|
| Aaron Brown<br>Attn: Bill<br>276 Golden Gate Avenue<br>San Francisco, CA 94102 | US Mail |
| Aaron Brown<br>519 Ellis Street, #507<br>San Francisco, CA 94109 | US Mail |

1    San Francisco Superior Court    US Mail
     Department 501
2    400 McAllister Street
3    San Francisco, CA  94102

4        I am readily familiar with the firm's practice of collection and processing correspondence
     for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
5    day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
     motion of the party served, service is presumed invalid if postal cancellation date or postage
6    meter date is more than one day after date of deposit for mailing in affidavit.

7        Executed on February 13, 2008, at San Francisco, California.

8        I declare under penalty of perjury that I am employed in the office of a member of the bar
     of this court at whose direction the service was made, and that the foregoing is true and correct.

9

10

11   _____
                    Constance J. Ericson
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7665902.1                    2