1  Aaron Brown (Pro-Se)
   Name and Address
2  276 Golden Gate
3  S.F. Ca 94102

FILED
MAR 13 ...
... U.S. ...
... DISTRICT ...
... CALIFORNIA
Pg 1 OF 12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Date March 12, 2008

Aaron Brown

Case No. C-07-6504 JSW

**Plaintiff / Petitioner**

Document Name: Plaintiff's Request - Continuance (opposition) To Dismiss - Complt. And appointment-mot Of Counsel

VS.

Community Hsn. Partnership - Dept 501 - Sup-CT

**Defendant / Respondent**

Review - Request

I Aaron Brown (Plaintiff) on good faith and with good cause. Ask for an continuance on opposition Filing - Dated 3/14/08 for said reason(s)....

Plaintiff Aaron Brown is presently undergoing pyschiatric counseling and is experiencing, undue amounts of anxieties, on behalf of Defendants attorneys, Lillian Woung (253430), Diane L. Webb

(1)

which would enable me as plaintiff / pro-se to fully concentrate on the complexties of this cause of action before the courts opposition. (C-07-6504 JSW)

Also adding Plaintiff retrial-sched (3-20-08) is also involved on CS # (C-03-0047 PJH) & (CS # 05257I PJH) which are also in parallel with case # C-07-6504. Defendants Attorney Diane Webb also admitted she had reviewed Plaintiffs Sheriff (SFSD) case(s) during discussion this week.

Plaintiff though under mental Duress, was able (3-11-08) to ask the docketing clerk to provide attachment copies which Plaintiff did deliver to Diane L. Webb, at Spear Tower (Her office), said attachments to amended Complt.

③

Sometimes where there's a Beach — You'll find sand...

It should also be noted that Defendants and their attorneys are knowledgeable of Plaintiffs' mental Health diagnoses. Which cover anxieties intolerance, amongst other things. In their exhibit(s) upon information and belief.

<u>Points of authority</u>

Strict time limits are not to be imposed (Pro-se litigants) Eldridge v. Block, 832 F.2d 1132, 1136 (9th Circuit)(1987).

Good cause must apply [with] considerable leeway Pro-se-litigants (McGuckin 974 2d at 105

Houston v. Lack, 487 U.S. 266, 270 (1988)

(4)

Furthermore plaintiff Aaron Braun-pro-se litigant ask Can I have appointment of Counsel Your honor (JSW)? For said reason(s) plaintiff Plans on mitigating any and all medical costs incurred while litigating against (CHP) Community Housing Partnership that has resulted amongst other things. (See EX-11-19-07).

Plaintiff also states that all exhibits applied on this Case merits a likelihood of success on violation of plaintiffs First Right amend, to Freedom of Speech. Six amendment (impartial Jury) and assistance of counsel (Dept 501-Sup-CT) And Due Process - 5th Amend. amongst other - Const-viol. — (CHP)

(5)

Points/Authorities

Plaintiff address appointment of counsel under "exceptional circumstances" and plaintiff's ability to articulate his claims pro se. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) Rand, 113 F.3d at 1525;

Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)

Plaintiff Aaron Brown is indigent unable to afford counsel, "28 U.S.C. § 1915(e)(1) And relies on the sand discretion of the trial court. Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) (exceptional circumstances)

Aaaw I reiterate to the courts for counsel on my behalf

citing, Burns V. County of King, 883 F.2d 1015, 1017 (9th Cir 1989) likelihood of the success on the merits demonstrated in Pratt V. Roland 856 F. Supp. 565, 571 (N.D. Cal. 1994.

## In Conclusion

Plaintiff appreciates any and all discretion applied on plaintiff's request for counsel & continuance. Plaintiff under penalties of perjury (Aaron Brown) to the best of my knowledge to say, the foregoing to be true and correct.

Sincerely,
3/12/08  Aaron Brown

EX·AHN
AHN

ENDORSED
FILED
Superior Court of California
County of San Francisco
APPELLATE DIVISION

MAR 04 2008

GORDON PARK-LI, Clerk
BY: _____CARLOS MURILLO_____
                        Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
# APPELLATE DIVISION

| | |
|---|---|
| COMMUNITY HOUSING PARTNERSHIP, | Appellate No. 623924 |
| Plaintiff/Respondent, | Court No. CUD-07-663924 |
| vs. | |
| AARON BROWN, | **ORDER DISMISSING APPEAL** |
| Defendant/Appellant. | |

This matter came on for hearing on February 22, 2008. After considering the evidence and applicable law, the Court's Motion to Dismiss the appeal filed on December 24, 2007 is hereby GRANTED. The appeal is hereby DISMISSED.

IT IS SO ORDERED.

DATE: February 26, 2008

_____
Robert L. Dondero, Presiding Judge

_____
Jerome T. Benson, Associate Judge

_____
Diane E. Wick, Associate Judge



Ex (1-3)

Dave Webb — Lililian Wang
650-843-4001
415-442-1091          1 of 3
                       9 of 12

1. Aaron Brown (Rose) (Plaintiff)
2. 276 Golden Gate Ave
3. S.F. Ca 94102
4.
5. Atty/Def                    ATTN/D. Agostino
6.                              Clear
7. Community Housing Partnership
8. Morgan Lewis & Bockius LLP
9. One Market Spear ~~Street~~ Tower
10. S.F. Ca 94105
11. Tel - 415-442-1000
12.
13. Aaron Brown
14.   Plaint.ff              C-07-6504
15.
16.   Vs
17.
18. Community Housing
19. Partnership et, a
20.                          ~~Itemize~~ List
21.                          Judicial Notice
22.                          withholding of
23.                          Property
24. I Aaron Brown, on March 3rd, 2008
25. approximately from 11:45am - 3:00pm
26. were unecessarily ~~delayed~~ by
27.

3 of 3

10 of 12

Issabella also told me she doesn't know what happen to my missing property and upon discarding other property today — she did not locate or find my itemize property —

I am at a disgust presently after being given oral agreement by Issabella marshall that my belongings were safe for pick up march 3, 2008 —

I do declare the foregoing to be true to the best of my knowledge — under Penalties Perjury

Clara Brown

2 of 3

11 of 12

mgmt staff Issabella marshall and asst-mgr scott and harrassed with such statements I'm lucky to be given anything amongst other things - mgmt refuse even today to return

1 - Bed Frame - Futon wood oak     300.00

1 Computer Hard Drive - Hewellet Pkrd, Legal Files - etc - etc - Person files.     2,000

1 Book Case - 300.00 (wood)

1 - Green Sofa Leather (Italian)     1000.00

1 BIIC File Cabinet - 500.00  4-Draw

1 - Dresser - 300.00

EX -11/19/07

12 of 12

11/19/07
Bertram

AB called Kim saying he wanted to talk to me about amended complaint.

I told him that he had at least five days to respond depending on how he was served and he should come in right away.

— but on 11/21 said hasn't surr'd poss. + his things are still there

He says he has been (constructively evicted) and in Santa Clara now.

He had been researching his claims against the plaintiff that he wanted included in the answer and had some cases to cite

Mease v. Fox Iowa 1972 for rent abatement

Reste Realty Corp v. Cooper NJ 1969 duty to repair

Altz v. Lieberson NY 1992 Duty to repar

Benjamin v. Klein NY Supreme Court 1964

Knight v. Jewett 3 Cal. 4th 296 (1992).

(12)