MORGAN, LEWIS & BOCKIUS LLP
DIANE L. WEBB, State Bar No. 197851
One Market, Spear Tower
San Francisco, CA 94105
Tel:   415-442-1000
Fax:   415-442-1001
E-mail: dwebb@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
LILLIAN WOUNG, State Bar No. 253430
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel:   650-843-4000
Fax:   650-843-4001
E-mail: lwoung@morganlewis.com

Attorneys for Defendant
COMMUNITY HOUSING PARTNERSHIP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON BROWN,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY HOUSING PARTNERSHIP; SUPERIOR COURT OF THE STATE OF CALIFORNIA, DEPARTMENT 501,<br><br>Defendants. | Case No. CV 07-06504 JSW<br><br>**DEFENDANT COMMUNITY HOUSING PARTNERSHIP'S OPPOSITION TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: April 11, 2008<br>Hearing Time: 9:00 a.m.<br>Location:    Courtroom 2, 17th Floor<br>Judge:       The Honorable Jeffrey S. White |

1-SF/7664526.1

DEFT COMMUNITY HOUSING PARTNERSHIP'S OPPOSITION TO REQUEST FOR PRELIMINARY INJUNCTION
Case No. CV 07-06504 JSW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Defendant Community Housing Partnership ("CHP" or "Defendant") respectfully submits this opposition to Plaintiff Aaron Brown's "Preliminary Injunction (TRO)" (hereinafter "Motion for a Preliminary Injunction"). For the reasons set forth below, the Court should deny Plaintiff's request in its entirety.

**INTRODUCTION**

Plaintiff's Motion for a Preliminary Injunction is part of his campaign of menace against the CHP, an organization that offers housing assistance to homeless persons, including (for a time) Plaintiff. Plaintiff's efforts are improvidently directed at overturning the result of an unfavorable unlawful detainer ruling issued by the Superior Court of California, County of San Francisco on December 20, 2007. *See*, generally, CHP's Motion to Dismiss (filed February 13, 2008). Plaintiff has made several attempts at staying the effect of this order before this Court, including an *ex parte* motion to stay, and the instant Motion for a Preliminary Injunction.

Plaintiff's motion is a rambling, incoherent narrative that does not clearly identify the relief he is seeking, or the harm he is purportedly suffering. At one point, Plaintiff asks this Court to restrain employees of CHP and the San Francisco Police Department, but it is unclear exactly what conduct is the focus of Plaintiff's request. Motion for Preliminary Injunction at 14-15. Similarly, Plaintiff alludes to an incident where he alleges that a lock of his was cutoff, and attaches a number of incident reports that appear to relate to an incident involving a lock and keys. *See* Motion for Preliminary Injunction at 16, 26-28. However, Plaintiff fails to relate any of this information to a cognizable complaint against CHP. Similarly, Plaintiff's motion describes a number of ailment and medical conditions, and includes as exhibits medical records and other impertinent material, but Plaintiff does not explain the relevance of this information.

Plaintiff's dispute with CHP arises from Plaintiff's efforts to overturn the result of CHP's successful eviction of Plaintiff. Although it is difficult to parse any meaningful argument from Plaintiff's motion, it is likely that this motion to can be viewed as an improper collateral attack on the Superior Court's judgment, and can be denied on that basis. As it is totally unclear what relief Plaintiff is seeking, and Plaintiff makes no showing that would entitle him to relief in any event, this Court should deny the Motion for Preliminary Injunction in it entirety.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7664526.1                                    1
DEFT COMMUNITY HOUSING PARTNERSHIP'S OPPOSITION TO REQUEST FOR PRELIMINARY INJUNCTION
Case No. CV 07-06504 JSW

## I.   ARGUMENT

### A.   Plaintiff Does Not Meet the Legal Standard for a Preliminary Injunction

To obtain a preliminary injunction, plaintiff must show that it is "likely" to prevail on the merits, that the balance of interests is in his favor, and that plaintiff will suffer irreparable harm without the relief sought. *Ashcroft v. American Civil Liberties Union*, 542 US 656, 665, 124 S.Ct. 2783, 2791 (2004) (a preliminary injunction requires a "fair chance of success on the merits"); *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1429 (9th Cir. 1995) (same). As Plaintiff has not made even the most rudimentary showing of the requirements of probability of success and irreparable harm, his motion should be denied.

Plaintiff's motion is defective because he makes no showing that he is likely to succeed on the merits of his claims against CHP. Indeed, as a federal action Plaintiff's entire action is misdirected, and is improperly maintained in federal court, he cannot show that he is likely to prevail on the merits. Plaintiff cannot meet the most basic requirement to obtain injunctive relief, and his request must fail. "(O)ne cannot obtain a preliminary injunction if he clearly will not prevail on the merits." *State of Texas v. Seatrain Int'l, S.A.*, 518 F 2d 175, 180 (5th Cir. 1975).

Similarly, Plaintiff's motion demonstrates no irreparable injury. A preliminary injunction "may only be granted when the moving party has demonstrated a significant threat of irreparable injury, irrespective of the magnitude of the injury." *Simula, Inc. v. Autoliv, Inc.*, 175 F 3d 716, 725 (9th Cir. 1999). Although Plaintiff describes a number of maladies in his motion, he does not make any showing that he will suffer any specific harm in the absence of an injunction. Nor does Plaintiff identify exactly what he is seeking by way of injunction, and thus it is impossible to determine what harm (if any) he will suffer in the absence of an injunction. The failure to demonstrate irreparable harm is fatal to Plaintiff's motion because no preliminary injunction can be issued without a showing of irreparable harm. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F 2d 86, 91 (3rd Cir. 1992) ("Plaintiff must demonstrate potential harm which cannot be redressed by a legal or equitable remedy following trial. The preliminary injunction must be the only way of protecting the plaintiff from such harm.")

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7664526.1

2

DEFT COMMUNITY HOUSING PARTNERSHIP'S OPPOSITION TO REQUEST FOR PRELIMINARY INJUNCTION
Case No. CV 07-06504 JSW

## II.   CONCLUSION

For all the foregoing reasons, defendant Community Housing Corporation respectfully requests that this Court deny Plaintiff's Motion for a Preliminary Injunction in its entirety.

Dated: March 14, 2008                MORGAN, LEWIS & BOCKIUS LLP

By _____/s/_____
DIANE L. WEBB
Attorneys for Defendants
Community Housing Partnership

# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On February 13, 2008, I served the within document(s):

**DEFENDANT COMMUNITY HOUSING PARTNERSHIP'S OPPOSITION TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

| Party | Served Via |
|---|---|
| Aaron Brown<br>Attn: Bill<br>276 Golden Gate Avenue<br>San Francisco, CA 94102 | US Mail |
| Aaron Brown<br>519 Ellis Street, #507<br>San Francisco, CA 94109 | US Mail |
| San Francisco Superior Court<br>Department 501<br>400 McAllister Street<br>San Francisco, CA 94102 | US Mail |

1   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 13, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Constance J. Ericson