1  MORGAN, LEWIS & BOCKIUS LLP
   DIANE L. WEBB, State Bar No. 197851
2  MATTHEW S. WEILER, State Bar No. 236052
   One Market, Spear Tower
3  San Francisco, CA  94105
   Tel:    415-442-1000
4  Fax:    415-442-1001
   E-mail:dwebb@morganlewis.com
5
   MORGAN, LEWIS & BOCKIUS LLP
6  LILLIAN WOUNG, State Bar No. 253430
   2 Palo Alto Square
7  3000 El Camino Real, Suite 700
   Palo Alto, CA 94306
8  Tel:    650-843-4000
   Fax:    650-843-4001
9  E-mail:lwoung@morganlewis.com

10 Attorneys for Defendant
   COMMUNITY HOUSING PARTNERSHIP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON BROWN, | Case No. CV 07-06504 JSW |
| Plaintiff, | **DEFENDANT COMMUNITY HOUSING PARTNERSHIP'S REPLY RE PLAINTIFF AARON BROWN'S NON-OPPOSITION TO MOTION TO DISMISS COMPLAINT** |
| v. | |
| COMMUNITY HOUSING PARTNERSHIP; SUPERIOR COURT OF THE STATE OF CALIFORNIA, DEPARTMENT 501, | Hearing Date: April 11, 2008<br>Hearing Time: 9:00 a.m.<br>Location:    Courtroom 2, 17th Floor<br>Judge:       The Honorable Jeffrey S. White |
| Defendants. | |

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7681432.1

DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY ISO MOTION TO DISMISS COMPLAINT
Case No. CV 07-06504 JSW

Defendant Community Housing Partnership ("CHP" or "Defendant") respectfully submits this reply regarding plaintiff Aaron Brown's ("Plainitff") Non-opposition to CHP's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(5), and 12(b)(6).

## I. LEGAL ARGUMENT

### A. Plaintiff Cannot Meet The *Twombly* Standard for Opposing a Motion to Dismiss

Plaintiff failed to submit an opposition to CHP's motion to dismiss, as required by this Court's order.[1] *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) ("<u>pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record</u>. Trial courts generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses the case because he fails to file opposing papers. A litigant who chooses himself as legal representative should be treated no differently.") (emphasis added). Moreover, as demonstrated in CHS's moving papers, plaintiff fails to plead sufficient factual and jurisdictional allegations. Accordingly, his complaint should be dismissed pursuant to FRCP 12(b)(1) and 12(b)(6). *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).

The U.S. Supreme Court held in *Twombly* that a plaintiff must first plead facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965-66. As the Supreme Court explained in rejecting the more liberal "no set of facts" standard for pleading:

> [under a "no set of facts" standard on 12(b)(6)] a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery. So here, the Court of Appeals specifically found the prospect of unearthing direct evidence of conspiracy sufficient to preclude dismissal, even though the complaint does not set forth a single fact in a context that suggests an agreement. 425 F.3d, at 106, 114. It seems fair to say that this approach to pleading would dispense with any showing of a "'reasonably founded hope'" that a plaintiff would be able to make a case [citation omitted]; Mr. Micawber's optimism would be enough.

*Id.*, at 1968-1969.

---

[1] Plaintiff waited until one day before his opposition was due to file a request for appointment of counsel and to request additional time in which to oppose CHS's motion to dismiss. As of the filing of this reply, the Court has not ruled on plaintiff's requests.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7681432.1                                1
DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY ISO MOTION TO DISMISS COMPLAINT
Case No. CV 07-06504 JSW

*Twombly* thus imposed an obligation on plaintiffs to plead facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965-66; *see also In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 957 (N.D. Cal. 2007) (granting motion to dismiss and favorably quoting *Twombly* in support of same). As the Supreme Court explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.*; *see also Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). ("[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim."); *In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d at 957, ("[C]onclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences are insufficient to defeat a motion to dismiss.") (citations omitted). Here, Plaintiff's fails to meet his burden. *Id.*

### B. THE CALIFORNIA SUPERIOR COURT DISMISSED PLAINTIFF'S APPEAL FROM THE TRIAL COURT'S JUDGMENT IN FAVOR OF CHS IN ITS UNLAWFUL DETAINER ACTION AGAINST PLAINTIFF.

Additionally, CHS wishes to apprise this Court that subsequent to CHS filing its motion to dismiss, the California Superior Court dismissed Plaintiff's appeal from the trial court's unlawful detainer judgment in favor of CHS on February 26, 2008. *See* Request for Judicial Notice in Support of CHP's Reply to Plaintiff's Non-Opposition to Motion to Dismiss (filed concurrently herewith); Exh. 1.

Accordingly, not only is Plaintiff's action here an improper collateral attack on the Superior Court's judgment, Plaintiff has already fully availed himself of his right to obtain state court appellate review of underlying unlawful detainer judgment.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7681432.1

2

DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY ISO MOTION TO DISMISS COMPLAINT
Case No. CV 07-06504 JSW

| | |
|---|---|
| Dated: March 21, 2008 | MORGAN, LEWIS & BOCKIUS LLP |
| | By  /s/ |
| | DIANE L. WEBB |
| | Attorneys for Defendants |
| | Community Housing Partnership |

1-SF/7681432.1

3

DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY ISO MOTION TO DISMISS COMPLAINT
Case No. CV 07-06504 JSW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On March 21, 2008, I served the within document(s):

**DEFENDANT COMMUNITY HOUSING PARTNERSHIP'S REPLY RE PLAINTIFF AARON BROWN'S NON-OPPOSITION TO MOTION TO DISMISS COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

| Party | Served Via |
|---|---|
| Aaron Brown<br>Attn: Bill<br>276 Golden Gate Avenue<br>San Francisco, CA 94102 | US Mail |
| Aaron Brown<br>519 Ellis Street, #507<br>San Francisco, CA 94109 | US Mail |
| San Francisco Superior Court<br>Department 501<br>400 McAllister Street<br>San Francisco, CA 94102 | US Mail |

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7681508.1

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 21, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Constance J. Ericson

1-SF/7681508.1    2