IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BROWN,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMUNITY HOUSING PARTNERSHIP and SUPERIOR COURT OF THE STATE OF CALIFORNIA AND COUNTY OF SAN FRANCISCO DEPARTMENT 501, et al.,<br><br>   Defendants.<br>_____/ | No. C 07-06504 JSW<br><br>**ORDER (1) EXTENDING PLAINTIFF'S TIME (2) CONTINUING HEARING AND (3) DENYING PLAINTIFF'S REQUEST FOR COUNSEL** |

Now before the Court is Plaintiff's request for a continuance to file his opposition to the pending motion to dismiss and for appointment of counsel. The Court HEREBY GRANTS Plaintiff's an extension of time to file an opposition to the motion to dismiss filed by defendant Community Housing Partnership ("CHP") and to file a reply in support of his motion for a preliminary injunction. Plaintiff shall file his opposition to the motion to dismiss and reply, if any, in support of his motion for a preliminary injunction by no later than April 18, 2008. CHP's reply, if any, shall be filed by no later than April 25, 2008. The Court HEREBY CONTINUES the hearing on the motion to dismiss and motion for preliminary injunction to May 16, 2008 at 9:00 a.m.

There is no constitutional right to counsel in a civil case, unless an indigent litigant may lose his physical liberty if he loses the litigation, a situation not presented by this case. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520,

1525 (9th Cir. 1997) (no constitutional right to counsel in Section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc.)  However, pursuant to 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel."

This Court has discretion in considering whether to appoint counsel under section 1915(e)(1) and, in general, that discretion should be exercised only in exceptional circumstances.  *Rand*, 113 F.3d at 1525.  In making that determination, the Court considers the likelihood of a plaintiff's success on the merits and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved.  *Id.*; *see also Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

While this Order should not be construed as a prejudgment of Plaintiff's claims, at this time the Court declines to exercise its discretion to appoint counsel as this case does not appear to present an exceptional circumstance meriting appointment of counsel.  Accordingly, Plaintiff's request for appointment of counsel is DENIED.

In addition, without making any endorsement in this regard, Plaintiff is advised that the San Francisco Bar Association operates a lawyer referral service which may be helpful in securing pro bono counsel.

**IT IS SO ORDERED.**

Dated: March 25, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AARON BROWN,

        Plaintiff,

  v.

COMMUNITY HOUSING et al,

        Defendant.

Case Number: CV07-06504 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aaron Brown
Attn: Bill
276 Golden Gate Avenue
San Francisco, CA 94102

Dated: March 25, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

**United States District Court**
For the Northern District of California