**Name and Address**
Aaron Brown
276 Golden Gate
San Francisco, Ca

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Aaron Brown )
) Case No. C-07-6504 JSW
)
**Plaintiff / Petitioner** )
) Document Name: Exparte
vs. Community )
Housing Partnership ) Motion; Ordering
et al. ) Compliance; Doc. 30.
) (Mental Health Dec.)
**Defendant / Respondent** )

The Honorable Jeffrey S. White Goodafternoon. I Aaron Brown (Pro-Se) Am plaintiff, Thus mentioned above.

Addressing this issue (DOC 30) (Mental Health Dec.) under Rule 26(b) F.R.C.P. (again) in hopes of asking your honor, to revisit this matter, if he will....?

(1)

Community Housing Partnership (landlord), also Morgan, Lewis & Bockius LLP; Dionel.Webb have been willfully neglectful in providing plaintiffs on-going request(s)

Via - telephone, written or orally, and have not provided conclusively reason(s) on good faith, either to the courts or plaintiffs behalf. (Aaron Brown)

At one point shortly after filing, Feb 13, 2008, verbally Dionel (atty) Webb stated: "She would be sending me a response..." (written) And to date, has not done so..

It should also be noted, that therapist

②

3 of 7

Kristina Dihm, is contracted through Community Housing Partnership to provide mental health services to tenant(s).

In support, plaintiff ask your honor can you revisit Exhibit K.D. on the docket (30). "Extensively" (thank you).

Plaintiff also was instructed to send Gail a request (CHP employee)(Tenant Service Director) by his therapist Kristina, in the month of January 2008, on or about which plaintiff complied to no-avail.

Under (ADA) 1990 Act American with Disabilities such as plaintiff's mental health

(3)

(Health) should be dealt with; [with fairness]. Not limited to, retaliation for filing a complaint.

Under Hippa laws, also a patient has that right to look over and get a copy of your personal health information - mentally or physically.

Plaintiff also states his request is not unreasonable or unduly burdensome or expensive in light of the needs of this case (C-07-6504 JSW)

And has also followed Rules 34(a)(b) F.R.C.P. regarding such matters. Plaintiff's request Aaron Brown, (Pro-se)(Litigant) needs to obtain these

(Y)

records for further in-put oppossing defendant(s) CHP's motion to Dismiss set for may 16, 2008.

Plaintiff finds time also to show gratitude for aclowing extention of time. And have sought out an attorney who specifically specializes in this matter before the courts (suit).

Though appointment of counsel is denied. Plaintiff again states he has an attorney who would be interested and has keenly expressed an interest if he's appointed (later time).

5

## In conclusion

Plaintiff ask the courts with due deligence. Can your honor consider construing this filing and others however inartfully pled be held to less stringent standards then formal pleadings drafted by lawyers (Haines v. Kerner, 404 U.S. 519, 520 (1972)

Also Cruz v. Beto, 405 U.S. 319, 322 (1972) the Court stated that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, entitling) relief.

(6)

7 of 7

Plaintiff Aaron Brown upon information and belief under penalties of perjury do declare the foregoings to be true to the best of his knowledge

*Aaron Brown*
*April 1, 2008*

7