

1

2  Aaron Brown (Pro-Se)
   Attn: Bill
3  276 Golden Gate
   San Francisco, CA 94102
4  Abrown519@yahoo.com

5

FILED

03 APR 15 PM 3: 05

1 of 6

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

12

13

14

15

16

17

18

19

AARON BROWN,
              Plaintiff

        v.

COMMUNITY HOUSING
PARNERSHIP; SUPERIOR COURT OF
THE STATE OF CALIFORNIA,
DEPARTMENT 501,

              Defendants.

Case No. CV 07-06504 JSW

**PLAINTIFF AARON BROWN'S
RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

20  **RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

21

22      Plaintiff Aaron Brown is former tenant of Defendant Community Housing Partnership

23  (CHP).  Motion for Dismissal was originally filed on February 13, 2008.  Plaintiff would like to

24  advise the court that Plaintiff is cross-claiming in his amended complaint and that all attachment

25  exhibits be submitted into evidence pursuant to Rule 13 of the Federal Rules of Civil Procedure.

26  Rules of Evidence also apply.  See Exhibit 1 (of 4), Exhibit +2 (of 4) and Exhibit ME attached.
                                    10-17-07
27                          X  1 of 4 (10-22-07)

28

2 of 6

## SUMMARY OF ARGUMENT

Plaintiff's Complaint against Defendant Community Housing Partnership (CHP) has been properly brought before this court. This court has subject matter jurisdiction over this matter because Plaintiff's Complaint arises from violations of his 1st Amendment rights. Plaintiff has sufficiently stated a claim under the *pro se* litigant standard established by the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiff also claims that Defendant failed to accommodate Plaintiff based on his mental health disability. Plaintiff made numerous requests to the management staff, and to his therapist, Kristina Deham, and counselor , Erma Amador, that he be relocated. Plaintiff began making these requests in 2006, to no avail.

## STATEMENT OF FACTS

Plaintiff states on or about October 12, 2007, Plaintiff received a Three-Day Notice to Cure or Quit from landlord regarding a fire alarm issue and tenant's discrepancies signed by the building property manager, Clifford Gatewood. Plaintiff states Three-Day Notice was waived on or about October 15, 2007, after speaking with management and then-attorney Michael S. Rossoff, Associate located at 1 United Plaza Civic Center.

Plaintiff refers to Exhibit 2 (of 4) attached and also Exhibit ME attached in Plaintiff's amended complaint filing. Plaintiff also states that his First Amendment rights were violated at a board meeting on or about October 16, 2007, with executive director Jeff Kinzinsky and tenant services director Gail Gilman. At the time, Plaintiff stated metaphorically to management that management had been lacking in providing tenant safety on a number of issues. Shortly after the statement was made, Mr. Kinzinsky stated that Plaintiff could not submit incident reports of tenants' grievance concerns to board president Jeff McDonald. Mr. McDonald had previously

2

agreed to accept the incident reports from Plaintiff. Ms. Gilman, in a rude manner, approached

Plaintiff and demanded Plaintiff to "get out." Defendants Kinzinsky and Gilman then summoned

the police and charged false allegation of trespass, amongst other things, against Plaintiff. When

police arrived, Plaintiff explained he had been invited to attend the board meeting and was now

being retaliated against for expressing his concerns. Plaintiff told police he was not trespassing.

Jeff Kinzinsky had given Plaintiff four minutes to speak at the board meeting and voice concerns

upon board president Jeff McDonald.

**ARGUMENT**

**This Court Has Jurisdiction Over the Matters Contained Within His Complaint**

**Because They Arise Under the United States Constitution.**

Plaintiff asks the Court to take notice that Defendant's filing of an eviction notice on or

about November 1, 2007, was in direct retaliation to Plaintiff exercising his First Amendment

rights. Plaintiff believes the Court does have subject matter jurisdiction over a violation of

constitutional rights. *Thomas v. Collins*, 323 U.S. 516 (1945) (Plaintiff Thomas arrived at a

meeting and was served a restraining order for attending the meeting; argued that clear and

present danger must be evident to sustain a restriction upon freedom of speech or assembly.)

Restrictions upon these liberties must be justified by clear public interest; not by doubtful or

remote threats, but by clear and present danger. Only the gravest abuses can give grounds for

permissible limitations, especially when the right is exercised within a peaceable assembly.

*Thomas*, 323 U.S. 516.

In addition, Plaintiff claims that the Defendant violated the Eighth Amendment because

after the October 16, 2007 Board meeting, Defendants filed an unlawful detainer against the

Plaintiff in Superior Court (case number 623924) on or about November 1, 2007 though the

3

three-day notice to cure or quit was waived.  Plaintiff was thus evicted on January 3, 2008.  The

eviction violated the Eighth Amendment because it was cruel and unusual punishment in

retaliation for speaking out at the October Board meeting. *Hudson v. McMillian,* 503 U.S. 1

(1992).  In *Hudson*, the Court held that Plaintiff need only show *de minimus* injuries or mental

anguish in order to establish a 8th Amendment violation.  Being evicted left the Plaintiff exposed

to the elements and homeless, as a result the Plaintiff suffered pneumonia, flu and hernia which

required surgery.

**Plaintiff has Sufficiently Stated a Cause of Action Under the Standards Set for *Pro***
**Se Litigants.**

Defendant bases its Motion to Dismiss on *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955,

1964 (2007), holding that a Plaintiff must first plead facts sufficient to "raise a right above the

speculative level." *Twombly*, 127 S.Ct. at 1965-6. Plaintiff argues, following *Cruz v. Beto*, 405

U.S. 319, 322 (1972), that the court should not dismiss a complaint for failure to state a claim

"unless it appears beyond doubt that the Plaintiff can prove no set of facts on support of his

claim, entitling relief."  Though Plaintiffs have been subjected to a heightened pleading standard

when alleging a constitutional tort where motive or intent is involved, *Foster v. Skinner*, 70 F.3d

1084, 1088 n.7 (9th Cir. 1995), the Supreme Court said that a *pro se* complaint should be held to

a less strict standard than a motion to dismiss drafted by a lawyer.  *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957).  This lesser standard recognizes that courts have "a duty to ensure that *pro se*

litigants do not lose their right to a hearing on the merits of their claim due to ignorance of

technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1990).

1

2    **Department 501 Failed to Exercise Due Process, Equal Protection of the Law, Right**

3    **to Counsel , and a Fair Trial**

4        On or about December 19, 2007, Department 501 Judge Quidachay disregarded medical

5    orders that Plaintiff be on bed rest, and ordered Plaintiff to proceed with jury selection and

6    witness cross examination. See exhibit "E.D.P." Also, on or about December 19, Plaintiff was

7

8    also threatened with contempt if he did no so proceed. In fact, Plaintiff selected the jury and

9    cross examined five witnesses in the same day, out of fear of being incarcerated.

10        On December 20, 2007, while under mental health hospitalization at UCSF after

11    suffering a mental breakdown as a result of the December 19 proceedings, the court ruled against

12    Plaintiff. Plaintiff was unable to further cross examine the witnesses or give a closing argument.

13    The physicians contacted the court and advised them of Plaintiff's medical condition. See

14    exhibit "UCSF". Following *Powell v. Alabama*, 287 U.S. 45, Plaintiff was unlawfully denied the

15    right to counsel. Plaintiff is guaranteed the right to counsel and the right to an impartial jury by

16

17    the Sixth Amendment of the United States Constitution.

18    **Plaintiff Has Served CHP With the Attachments and Exhibits Referenced in His**

19    **Complaint.**

20

21

22    **CONCLUSION**

23        In conclusion, Plaintiff addresses the court to give his thanks to the honorable Jeffrey S.

24    White in granting Plaintiff's request for an extension of time, to be heard May 16. Plaintiff asks

25    the court to use its discretion in finding cognizable claim against the Defendant. Plaintiff also

26    prays for one million dollars and all medical costs incurred as a result of this action and his pain

27    and suffering.

28

1

2    In conclusion, I attest on the penalties of perjury the foregoing to be true to the best of my

3 knowledge.

4

5

6   Dated: April 15, 2008         By

7                     Aaron Brown

8

9

10

11

12

13

14  ① Also see Exhibit CHP - 4/28

15  ② also See Exhibit(s) 10-15-07 - attached

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Atty (Di. ict Atty) (o. ee) both

## Incident Report/Tenant Complaint Form

ORIG. FILED

Complete this form to report any Rules of Conduct violation, Medical, Police and Fire Dept. visits or emergencies and general participant concerns. Be as complete and accurate as possible.

Your Name: Aaron BROWN    08 APR 15 PM 3:05  Today's Date: 10/17/07  90PD

Date of Incident: 10/16/07   Time of Incident: 720  PICK Location of Incident: SENATOR Adm - offc.
PCLERK, U.S DIST COURT
NORTHERN DISTRICT OF CALIFORNIA    280 TURK ST

### Incident Narrative (continue on blank notebook pages if needed and staple to this form)

Yesterday (CHP) Adm - exec. Dir . Jeff Kinsiky
and Tenant Service exec Dir Gail Gillman
retaliated against me with harrassment
after voicing my safety concern as
a Tenant - To CHP - President Jeff
McDonald at the board meeting.
( SFPD was called ) Jeff K. &
Gail - refused to allow me have
copies of incident(s) made - And
materials concerning victim assistant
Program to the attention of Jeff
McDonald (President) After being permitted to do so

| Who was involved? | Relationship to CHP | Badge/I.D. # |
|---|---|---|
| 1. Aaron Brow | Tenant | 507 |
| 2. Jeff Kinsikey | Exec - Dir. | CHP - Adm |
| 3. Gail Gillmen | exec - Dir. | Tenant Service |
| 4. | | |

**FOR OFFICE USE ONLY** (Sign at bottom)

Management action taken:

_____

_____

Management Signature _____  Title _____  Date _____

(1)

## Incident Report/Tenant Complaint Form

Complete this form to report any Rules of Conduct violation, Medical, Police and Fire Dept. visits or emergencies and general participant concerns. Be as complete and accurate as possible.

Your Name: Aaron Brown    Today's Date: 10/22/07

Date of Incident: 10/22/07    Time of Incident: 9:40am    Location of Incident: SENATOR, Tenant Serv office

### Incident Narrative (continue on blank notebook pages if needed and staple to this form)

Tony (Tenant Services CHP) informed me that Dorothy Ridely (Tenant Service Dir) advised him that I am NOT permitted to access Services - via - computer or telephones - Due to voice'n my safety concerns at last-week board meeting - And that I was having legal actions (CHP) parking against me Presently I am being retaliated w/o-due process for addressing my issues to the Board - Also Isabella (prop mgmt)

| Who was involved? | Relationship to CHP | Badge/I.D. # |
|---|---|---|
| 1. Aaron B | Tenant | |
| 2. Tony | Tenant Service Counselor | |
| 3. Isabella | Property mgmt | |
| 4. Dorothy | Tenant-Serv-Dir | |

FOR OFFICE USE ONLY (Sign at bottom)

Management action taken:

Management Signature ___    Title ___    Date ___

2

## Incident Report/Tenant Complaint Form

Complete this form to report any Rules of Conduct violation, Medical, Police and Fire Dept. visits or emergencies and general participant concerns. Be as complete and accurate as possible.

Your Name: _____     Today's Date: _____

Date of Incident: _____ Time of Incident: _____   Location of Incident: SENATOR. _____

### Incident Narrative  (continue on blank notebook pages if needed and staple to this form)

Informed in the presence of TONY (TS) & VANNY (TS) that there is no actual legal proceedings or actions against me and that the three day notice to cure or quit is not an actual legal document (see attached) - issued by an attorney. Again CHP-Bld mgmt Cliff continues to inflict intentional emotional distress upon my mental health and disability that CHP-Adm is aware of

| Who was involved? | Relationship to CHP | Badge/I.D. # |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

FOR OFFICE USE ONLY (Sign at bottom)

Management action taken:

Management Signature                    Title                          Date

(3)

EX ME

(1) Atty at office Stated that
the three day notice I need
not worry about & no pending
litigation was at hand as
long as I have abated my
alledged action on or about
    I asked again was there
an eviction being filed at
he said no ——— I attempted
to leave him copies surrounding
the defense of necessity as
to the fire alorm issue
he refused and would not
give his name when asked
and raghly told me to leave
    Atty is caucasion approx
6 Ft - Thin - Built - Clean
Shaved —— Also I sent
memo

④

*Hospital*

A Sutter Health Affiliate

3555 Cesar Chavez Street
San Francisco, CA 94110
(415) 641-6625

EX. E.D.P.

**EMERGENCY DEPARTMENT**
**PHYSICIANS NOTE**

A tth Marta

## TO WHOM IT MAY CONCERN

_____ Aaron  Brown _____ was seen by me today at St. Luke's Hospital,
Emergency Department.

1. He/she is excused from work/school for __3__ days, and should be
2. He/she may return to work/school.          on bed rest,
3. He/she may return to work/school with limitations as noted below.

_____ and legal obligations please _____

_____ _____ M.D.

Date: _12-19-07_

EDP-019 (10/03)

Dept 501 on Dec 19, 2007
Disregarded Doctors orders
and Denied - ordering
me to proceed - Picking
a Jury — And also I had to
Cross examine 10-witnesses APProx (CHP)
in Court Dec 19, 2007 .
                                    v.
                              Brown
        at Court from      #623924
      8:30 Am - 334pm    Judge
          Dept 501       Cuidgchay

Also _____

(5)

UCSF

Medical Center at University of California, San Francisco
Case 3:07-cv-06504-JSW    Document 56    Filed 04/15/2008    Page 12 of 15 488 28 02-7
505 Parnassus Ave., San Francisco CA 94143-0208
(415) 353 1037

Visit number 13920534

**Emergency Department**
Date of visit  Wed, Dec 19, 2007                    **Discharge Instructions**

BROWN, AARON

body's defense mechanisms for fight or flight. Excess adrenalin is discharged from the adrenal glands, and eventually affect various parts of the body.

**Frequent Signs and Symptoms**
    *Feeling that something undesirable or harmful is about to happen.
    *Dry mouth; swallowing difficulty or hoarseness.
    *Rapid breathing and heartbeat, palpitations.
    *Twitching or trembling.
    *Muscle tension; headaches; backache.
    *Sweating.
    *Difficulty concentrating.
    *Dizziness or faintness.
    *Nausea; diarrhea; weight loss.
    *Sleeplessness.
    *Irritability.
    *Fatigue.
    *Nightmares.
    *Memory problems.
    *Sexual impotence.

*[handwritten: Dept 501 - Judge Avidachay violated my due process rights while I was being hospitalized this morning at UCSF ( He permitted testimony & Jury Deliberation without affording me Cross-examination of future witnesses & Closing arguments with a verdict]*

**TREATMENT**
    *Obtain therapy, counseling, or group therapy to understand the specific but unconscious threat or source of stress.
    *Learn techniques, including biofeedback and relaxation therapy, to reduce muscle tension.  *[handwritten: (Ev. Cfrm)]*
    *Follow a regular fitness routine using aerobic exercise.
    *For additional information, contact Anxiety Disorders Association of American, 6000 Executive Blvd., Suite 513,
Rockville, MD 20852; (301) 231-9350.
    *Stay active.  Physical exertion helps reduce anxiety.   *[handwritten: ruling to evict - Despite]*
------------End of Standard Instruction Set--------------
*[handwritten: defendants creditability or my affirmative defenses]*

CUSTOM INSTRUCTIONS: The following additional instructions were given:
Return as needed.  Follow up as discussed with the psychiatrist.
You will need further outpatient diagnostic testing or treatment as suggested by your emergency provider to complete the
assessment begun in the ED. If you have problems arranging followup at UCSF, call 415 353 1550

--------------------RECOMMENDED FOLLOW UP CARE --------------------

--------------------MEDICATION RECONCILIATION --------------------

You should CONTINUE taking the medications listed here that you told us had been previously prescribed for you:   vicodin,
naprosyn.
You should take the medications newly prescribed for you in this Emerg. Dept. visit, Seroquel 1mg
Disp # 10 (ten)  1 tab by mouth every night at bedtime . Also read and follow the more detailed instructions on the
prescription container from the pharmacy.

*[handwritten: Discharge on Dec 20, 2007    Maggie Hui RN]*



COMMUNITY
HOUSING
PARTNERSHIP
SOLUTIONS TO HOMELESSNESS

CHP
EX. 4/2p

April 28, 2006

Aaron Brown
519 Ellis Street, #507
San Francisco, California 94109

Re:    **Incident Report -- Dated April 28, 2006**

Dear Mr. Brown:

We are in receipt of an incident report, referenced above, requesting a meeting with Jeff McDonald. This particular incident does not normally require the attention of the CHP Board of Directors; rather, it involves a matter relating to the day-to-day operations of a CHP building. CHP staff is charged with addressing day-to-day operational issues in our buildings. Additionally there is a significant amount of background associated with the incident(s) referenced in the large package of information that accompanied your request and the persons most equipped to appropriately address the incident are located at the Senator Residence.

I encourage you to utilize the Senator Tenant Services staff to work with you on this matter. I also encourage you to discuss this matter with Isabella Marshall, Property Manager. I have also included a copy of the Senator chain of command for both Property Management and Tenant Services. I hope you will find this helpful as you work towards resolution of your concern.

Sincerely,

Brett Vaughn
Director of Property Management

cc:    Building Manager
       Tenant File



RESIDENCE • SAN CRISTINA RESIDENCE
SIDENCE • ISLAND BAY HOMES
PORTIVE HOUSING MANAGEMENT
OYMENT COLLABORATIVE
ING PROGRAMS

ADMINISTRATIVE OFFICE
280 Turk Street, San Francisco, CA 94102
PHONE: 415 929-2470
FAX: 415 749-2791
www.chp-sf.org

## Incident Report/Tenant Complaint Form

Complete this form to report any Rules of Conduct violation, Medical, Police and Fire Dept. visits or emergencies and general participant concerns. Be as complete and accurate as possible.

Your Name: _Aaron Brown_    Today's Date: _10/15/07_ EX-10

Date of Incident: _10/12/07_ Time of Incident: _____    Location of Incident: SENATOR, Senator

**Incident Narrative** (continue on blank notebook pages if needed and staple to this form)

Cliff - Bld mgr - posted a three
day notice to cure or quit upon
my door in legal format - inflicting
intentional emotional distress upon
me for several days. Where I
have been unable to sleep or
have an appetite - CHP - Mgmt is
aware of my mental health issues
and mental diagnosis - I spoke
both with Cliff & Isabella
and was told by them that they

| Who was involved? | Relationship to CHP | Badge/I.D. # |
|---|---|---|
| 1. Aaron Brown | Tenant | 507 |
| 2. Isabella | Mgr | |
| 3. Cliff | Bld Mgr | |
| 4. | | |

FOR OFFICE USE ONLY (Sign at bottom)

Management action taken:

Management Signature: _____    Title _____    Date _____

## Incident Report/Tenant Complaint Form

Complete this form to report any Rules of Conduct violation, Medical, Police and Fire Dept. visits or emergencies and general participant concerns. Be as complete and accurate as possible.

Your Name: _Laurin Braun_    Today's Date: _10 | 15 | 07_

Date of Incident: _10 | 15 | 07_ Time of Incident: _8:55 AM_ Location of Incident: SENATOR, _Senator_

**Incident Narrative** (continue on blank notebook pages if needed and staple to this form)

Wanted me to be no longer
a tenent and to move.
CLIFF - mgmt staff CHP is
in violation of my civil Rights
under the 8th admendment with
deliberate indifference & also
the Fifth - admendment due process!
as well as process of service
under Federal & State guidelines
in civil procedures — Also
Cliff is unaware of Necessity

| Who was involved? | Relationship to CHP | Badge/I.D. # |
|---|---|---|
| 1. Laurin Braun | Tenent | |
| 2. Issidia | Mgn | |
| 3. Cliff | Bld Mgn | |
| 4. | | |

FOR OFFICE USE ONLY
Management action taken:

Management Signature:                    Title                    Date