MORGAN, LEWIS & BOCKIUS LLP
DIANE L. WEBB, State Bar No. 197851
MATTHEW S. WEILER, State Bar No. 236052
One Market, Spear Tower
San Francisco, CA 94105
Tel:   415-442-1000
Fax:   415-442-1001
E-mail:dwebb@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
LILLIAN WOUNG, State Bar No. 253430
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel:   650-843-4000
Fax:   650-843-4001
E-mail:lwoung@morganlewis.com

Attorneys for Defendant
COMMUNITY HOUSING PARTNERSHIP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON BROWN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMUNITY HOUSING PARTNERSHIP; SUPERIOR COURT OF THE STATE OF CALIFORNIA, DEPARTMENT 501,<br><br>　　　　　　Defendants. | Case No. CV 07-06504 JSW<br><br>**DEFENDANT COMMUNITY HOUSING PARTNERSHIP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS REPLY TO PLAINTIFF AARON BROWN'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT [FRCP 12(b)(1), 12(b)(3), 12(b)(5), AND 12(b)(6)]**<br><br>Hearing Date:　May 16, 2008<br>Time:　9:00 a.m.<br>Location:　Courtroom 2, 17th Floor<br>Judge:　The Honorable Jeffrey S. White |

**REQUEST FOR JUDICIAL NOTICE**

Defendant Community Housing Partnership, pursuant to Federal Rule of Evidence 201, hereby respectfully requests that this Court take judicial notice of the following document:

1. A true and correct copy of an answer submitted in the action *Community Housing Partnership v. Aaron Brown*, San Francisco Superior Court Case Number CUD-07-623924, bearing a file-date stamp of November 21, 2007, which is attached hereto as <u>Exhibit 1</u>.

2. A true and correct copy of the Order Dismissing Appeal in San Francisco Superior Court Case Number CUD-07-623924, Appeal No. 623924, *Community Housing Partnership* (plaintiff/respondent) *v. Aaron Brown* (defendant/appellant), bearing a file-stamp date of March 4, 2008, which is attached hereto as <u>Exhibit 2</u>.

The Court properly may take judicial notice of the above documents pursuant to Federal Rule of Evidence 201 because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" and are integral to the Plaintiff's allegations. Fed. R. Evid. 201(b)(2); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1998) (holding district court may consider document on a motion to dismiss where plaintiff's claims make reference to or are predicated on that document, but where the document itself was not attached to the complaint).

Dated: April 25, 2008

MORGAN, LEWIS & BOCKIUS LLP

By /s/
Matthew S. Weiler
Attorneys for Defendant COMMUNITY HOUSING PARTNERSHIP

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7696317.1                          2
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY MEMO., ET AL.
Case No. CV 07-06504 JSW

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| AARON BROWN<br>519 Ellis Street #507<br>San Francisco, CA 94109 | (415) 775-0506 | **FILED**<br>San Francisco County Superior Court<br>NOV 21 2007<br>GORDON PARK-LI, Clerk<br>BY _____ Deputy Clerk |
| ATTORNEY FOR (Name): Defendant In Pro. Per. | | |
| NAME OF COURT: S.F. SUPERIOR COURT<br>STREET ADDRESS: 400 McAllister Street, Room 103<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Limited Jurisdiction | | |
| PLAINTIFF: COMMUNITY HOUSING PARTNERSHIP | | |
| DEFENDANT: AARON BROWN, et al. | | |
| ANSWER—Unlawful Detainer TO FIRST AMENDED COMPLAINT | | CASE NUMBER:<br>623924<br>Limited Civil Case |

1. Defendant (names): Aaron Brown

    /first amended
    answers the complaint as follows:

2. Check ONLY ONE of the next two boxes:   /first amended
    a. [X] Defendant generally denies each statement of the complaint. (Do not check this box if the complaint demands more than $1,000.
    b. [ ] Defendant admits that all of the statements of the complaint are true EXCEPT
        (1) Defendant claims the following statements of the complaint are false (use paragraph numbers from the complaint or explain):

        [ ] Continued on Attachment 2b (1).
        (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them (use paragraph numbers from the complaint or explain):

        [ ] Continued on Attachment 2b (2).

3. AFFIRMATIVE DEFENSES    (NOTE: For each box checked, you must state brief facts to support it in the space provided at the top of page two (item 3j)).
    a. [ ] (nonpayment of rent only) Plaintiff has breached the warranty to provide habitable premises.
    b. [ ] (nonpayment of rent only) Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
    c. [ ] (nonpayment of rent only) On (date):                     before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
    d. [X] Plaintiff waived, changed, or canceled the notice to quit.
    e. [X] Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
    f. [X] By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California.
    g. [X] Plaintiff's demand for possession violates the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage): San Francisco Residential Rent Stabilization and Arbitration Ordinance, June 1979, as amended.
        (Also, briefly state the facts showing violation of the ordinance in item 3j.)
    h. [ ] Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
    i. [X] Other affirmative defenses are stated in item 3j.

Page 1 of 2

Form Approved by the Judicial Council of California<br>UD-105 [Rev. January 1, 2007]

ANSWER—Unlawful Detainer

Civil Code, §1940 et seq.;<br>Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

UD-105

| PLAINTIFF (Name): COMMUNITY HOUSING PARTNERSHIP | CASE NUMBER |
|---|---|
| DEFENDANT (Name): AARON BROWN, et al. | 623924 |

3. AFFIRMATIVE DEFENSES (cont'd)
   j. Facts supporting affirmative defenses checked above (identify each item separately by its letter from page one):

   (1) [X] All the facts are stated in Attachment 3j.    (2) [ ] Facts are continued in Attachment 3j.

4. OTHER STATEMENTS
   a. [ ] Defendant vacated the premises on (date):
   b. [X] The fair rental value of the premises alleged in the complaint is excessive (explain):
        due to the above defects and breach of the covenant of quiet enjoyment.

   c. [X] Other (specify):
        Defendant requests credit for security deposit, in an amount according to proof.

5. DEFENDANT REQUESTS
   a. that plaintiff take nothing requested in the complaint.
   b. costs incurred in this proceeding.
   c. [ ] reasonable attorney fees.
   d. [X] that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
   e. [X] Other (specify):
        such other relief as the Court deems just and proper.

6. [X] Number of pages attached (specify): 5

   UNLAWFUL DETAINER ASSISTANT (Business and Professions Code sections 6400-6415)
7. (Must be completed in all cases) An unlawful detainer assistant [X] did not [ ] did for compensation give advice or assistance with this form. (If defendant has received any help or advice for pay from an unlawful detainer assistant, state:
   a. Assistant's name:                           b. Telephone No.:
   c. Street address, city, and ZIP:
   d. County of registration:                     e. Registration No.:       f. Expires on (date):

   AARON BROWN
   (TYPE OR PRINT NAME)                           (SIGNATURE OF DEFENDANT OR ATTORNEY)

   _____
   (TYPE OR PRINT NAME)                           (SIGNATURE OF DEFENDANT OR ATTORNEY)

(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)

VERIFICATION
(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)
I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: November 21, 2007

AARON BROWN
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Page 2 of 2

UD-105 [Rev. January 1, 2007]          ANSWER—Unlawful Detainer
                                                         LexisNexis® Automated California Judicial Council Forms

Attachment 3j
CASE NAME: COMMUNITY HOUSING PARTNERSHIP v. BROWN, et al.
CASE NO.: 623924

3d.  Plaintiff and/or Plaintiff's agents waived or changed or canceled the notice to quit through statements. Plaintiff's attorney told Defendant that he didn't have to worry about the three-day notice and that there was no pending litigation.

3e.  Plaintiff served Defendant with the notice to quit or filed the complaint in order to retaliate against Defendant because Defendant exercised his rights in ways that include but are not limited to the following: calling the police; filing for restraining order; and for exercising his First Amendment rights at the Community Housing Partnership Board Meeting of October 16, 2007.

3f.  Plaintiff is arbitrarily discriminating against Defendant because of race and/or disability.

3g.  The subject premises are subject to the San Francisco Residential Rent Stabilization and Arbitration Ordinance and Plaintiff has failed to comply with the requirements of the Rent Ordinance in ways that include but are not limited to the following:  Plaintiff's dominant motive is not one allowed by the Rent Ordinance and services have been decreased without a corresponding decrease in rent.

3i.  Other
(1) Plaintiff has not performed its obligations under the rental agreement in ways that include, but are not limited to the following:  breached the warranty of habitability by not making needed repairs and breached the covenant of quiet enjoyment and failed to provide competent management for safety of tenant.
    Defects exist or existed at the premises including, but not limited to, the following: infestation of rodents, bedbugs, insects; defective plumbing; inadequate heat; inadequate security; gaps around doors; common areas unclean; security issue with window/screen in laundry room.  Plaintiff has had actual and/or constructive notice of the defects but has failed to make needed repairs.
    On November 15, 2007, Defendant again gave notice to Isabella Marshal, manager, and Scott, assistant manager, of the continuing security issue with the window/screen in the laundry room, which needed repair.  Isabella stated that she knew and she wished she could find out the tenant who was doing it.  Also on or about November 2, 2007, Defendant gave notice to Isabella, Tanisha, Tenant Service Supervisor, and her staff of security concern regarding the same issue.  In general there has been a security lapse in repairing effectively by management for over six months. Defendant asked Isabella in early September of 2007 if he could put a lock and chain around the window to keep it from being open, but she said no.
    See attached copy of Police Report.
    See attached copy Incident Report stemming from Community Housing Partnership Board Meeting of October 16, 2007.
(2) Plaintiff has failed to make reasonable accommodation for

1 | Defendant's disability. See attached copy of diagnosis.
2 | (3) Defendant was constructively evicted from the premises.
  | (4) Plaintiff has committed an abuse of process.
  | (5) Plaintiff has intentionally inflicted emotional distress on
3 | Defendant.