MORGAN, LEWIS & BOCKIUS LLP
DIANE L. WEBB, State Bar No. 197851
MATTHEW S. WEILER, State Bar. No. 236052
One Market, Spear Tower
San Francisco, CA 94105
Tel:   415-442-1000
Fax:   415-442-1001
E-mail: dwebb@morganlewis.com
       mweiler@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
LILLIAN WOUNG, State Bar No. 253430
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel:   650-843-4000
Fax:   650-843-4001
E-mail: lwoung@morganlewis.com

Attorneys for Defendant
COMMUNITY HOUSING PARTNERSHIP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON BROWN,<br><br>            Plaintiff,<br><br>       v.<br><br>COMMUNITY HOUSING PARTNERSHIP; SUPERIOR COURT OF THE STATE OF CALIFORNIA, DEPARTMENT 501,<br><br>            Defendants. | Case No. CV 07-06504 JSW<br><br>**DEFENDANT COMMUNITY HOUSING PARTNERSHIP'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Hearing Date: May 16, 2008<br>Hearing Time: 9:00 a.m.<br>Location:    Courtroom 2, 17th Floor<br>Judge:       The Honorable Jeffrey S. White |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7694752.1

DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT
Case No. CV 07-06504 JSW

Defendant Community Housing Partnership ("CHP" or "Defendant") respectfully submits this reply memorandum of points and authorities in support of its motion to dismiss, without leave to amend, plaintiff Aaron Brown's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(5), and 12(b)(6).

## I. INTRODUCTION

Plaintiff's Response to Defendant's Motion to Dismiss ("Response") presents yet another moving target. Rather than defend his Amended Complaint's sufficiency, Plaintiff's Response relies upon entirely new "facts" and "theories"—none of which is found in his Amended Complaint.

Plaintiff's argument in opposition to CHP's motion to dismiss does not change the fact that his Amended Complaint requests this Court revisit the San Francisco Superior Court's unlawful detainer, which resulted in a jury verdict in favor of Plaintiff's former housing provider – CHP.

As detailed in CHP's moving papers, this Court lacks jurisdiction to adjudicate Plaintiff's Amended Complaint or grant the relief he seeks. Simply stated, Plaintiff failed to plead a cause of action against CHP, and there is no reason to believe that he will ever be able to do so.

Plaintiff's Response serves to further demonstrate that his Amended Complaint arises from, and attempts to overturn, the underlying state court unlawful detainer judgment. In his Response, Plaintiff contends that his eviction notice was served in retaliation for his exercise of First Amendment rights. Response at 2-3. Plaintiff also argues that his Eighth Amendment rights were violated because his eviction constituted "cruel and unusual" punishment. *Id.* at 3-4. Additionally, Plaintiff claims further Constitutional violations were committed by the Superior Court at his unlawful detainer action, claiming that the court "disregarded medical orders," denied him the right to counsel, and denied him the right to an impartial jury. *Id.* at 5. Finally, Plaintiff argues that CHP failed to accommodate his mental disability, which Plaintiff pled as an affirmative defense to the unlawful detainer action. *See* Answer-Unlawful Detainer, filed November 21, 2007; Request for Judicial Notice, Ex. 1.

Plaintiff's Amended Complaint, however, does not invoke or give rise to any

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Constitutional violation.  <u>First</u>, Plaintiff now argues that his First Amendment rights were violated at a CHP board meeting.  Although Plaintiff's new Constitutional-law-violation theories are not entirely clear, they are contradicted by the allegations in his Amended Complaint.[1]  For example, Plaintiff admits that he appeared at the CHP board meeting and was allowed to speak:

> I was given up to a four-minute time to speak following closing.  I stated to the Board—Jeff McDonald—that Jeff K and Gail Cullman have been less lacked [sic] in their professional duties towards my well being as a tenant.  And not giving precedence to my well being or safety at my building regarding complaints I've addressed to his and Gail's attention, and having to take leadership role in managing the property on my own—entailing desk clerk policy violations of workers, unauthorized guests and visitors etc., etc., and ended it with metaphorically saying and requesting my complaints to be given to Jeff McDonald—president—afterwards, which Jeff McDonald agreed to "accept"

Compl. at 4:9-5:13.  Nowhere in his Amended Complaint does Plaintiff allege that his First Amendment rights were violated.

<u>Second</u>, Plaintiff's invocation of Eighth Amendment is similarly absent from his Amended Complaint.

<u>Third</u>, Plaintiff also argues for the first time that "Defendant failed to accommodate Plaintiff based on his mental health disability."  Response at 2.  This too does not appear his Amended Complaint.

Plaintiff's entire action is a misdirected attempt to have (yet another) review of the state court unlawful detainer action.  Although Plaintiff attempts other similarly deficient theories—such as his argument in response to CHP's Opposition to his Motion for a Preliminary Injunction that CHP personnel and San Francisco Police Department officers have been harassing him—the focus of his Amended Complaint is that his unlawful detainer action was unfairly conducted.  As Plaintiff himself states:

> Plaintiff asks the court to take notice of the Superior Court of California, County of San Francisco case Community Housing Partnership v. Brown, see exhibit register of actions pages 1-3.  Fact that the superior court abused its discretion not allowing counsel to be obtained in violation of the sixth amendment, the jury

---

[1] Notwithstanding that such Constitutional violations cannot be asserted against a private actor like CHP.

>tainted with bias, due process was not observed, and the court abused its discretion in determining the admissibility of evidence; amongst other things that plaintiff will present at hearing. The superior court used delay tactics responding to request for new trial or appeal in that matter.

Plaintiff's Response in Support of his Motion for Preliminary Injunction at 2:26-3:7.

Plaintiff is asking this Court to do what the California Court of Appeal declined to do, and this action should be dismissed with prejudice. RJN, Ex. 2.

## II. ARGUMENT

Although Plaintiff is proceeding *pro se*, CHP is entitled to know, at minimum, what factual allegations give rise to what claims. Indeed, even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff utterly fails to meet his pleading burden. He has yet to present CHP with a coherent pleading asserting factual allegations that give rise to any claim.

Instead, Plaintiff filed a stream-of-consciousness Amended Complaint and a series of pleadings containing ever-changing accusations against CHP. The defects in Plaintiff's theories of liability are not merely technical or procedural; Plaintiff's cause against CHP is, at root, an attempt to have this Court revisit the unlawful detainer action that resulted in his eviction. This Court lacks jurisdiction to review the state court judgment as Plaintiff requests.[2]

### A. Dismissal is Required Pursuant to 12(b)(6)

The U.S. Supreme Court held in *Twombly* that a plaintiff must first plead facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965-66. As the Supreme Court explained in rejecting the more liberal "no set of facts" standard for pleading:

> [under a "no set of facts" standard on 12(b)(6)] a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery. So here, the Court of Appeals specifically found the prospect of unearthing direct evidence of conspiracy sufficient to preclude

---

[2] As Plaintiff alludes to in his Amended Complaint, he was evicted, among other reasons, because he repeatedly pulled the fire alarm in the CHP building where he resided and refused to cease this behavior. Compl. at 7:1-7:14.

1-SF/7694752.1

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

3

DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY MEMO. ISO MOTION TO DISMISS COMPLAINT
Case No. CV 07-06504 JSW

> dismissal, even though the complaint does not set forth a single fact in a context that suggests an agreement. 425 F.3d, at 106, 114. It seems fair to say that this approach to pleading would dispense with any showing of a "'reasonably founded hope'" that a plaintiff would be able to make a case [citation omitted]; Mr. Micawber's optimism would be enough.

*Id.*, at 1968-1969.

*Twombly* imposed an obligation on plaintiffs to plead facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965-66; *see also In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 957 (N.D. Cal. 2007) (granting motion to dismiss and favorably quoting *Twombly* in support of same). As the Supreme Court explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.*; *see also Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). ("[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim."); *In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d at 957, ("[C]onclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences are insufficient to defeat a motion to dismiss.") (citations omitted). Here, Plaintiff's fails to meet his burden. *Id.*

Plaintiff places a lot of stock in the principle that *pro se* plaintiffs are entitled to a lower pleading standard. Applying this principle to Plaintiffs' Amended Complaint, however, stretches the doctrine beyond its limits.

"While the court must construe pro se pleadings liberally and afford plaintiff the benefit of any doubt, even pro se plaintiffs must allege, with at least some degree of particularity, overt acts taken by each defendant which support his claims." *Rasidescu v. Midland Credit Magmt., Inc.*, 435 F. Supp. 2d 1090 (S.D. Cal. 2006); *see also Orick v. Banziger*, 945 F. Supp. 1084, 1088 (S.D.

Ohio) (1996) (finding under the "liberally construed" standard for *pro se* plaintiffs, plaintiff must allege more than "bare assertions of legal conclusions"). Plaintiff's Amended Complaint fails to allocate allegations among CHP, the San Francisco Police Department, the San Francisco Superior Court and its staff, and other alleged malefactors. Nor has Plaintiff pled any actionable conduct on behalf of CHP. Plaintiff's Amended Complaint fails to identify any *cause of action* against CHP, let alone plead any facts in support of a cause of action. Rather, the Amended Complaint is almost entirely devoted to asking this Court to grant Plaintiff a new trial on the unlawful detainer action. *See, e.g.*, Compl. at 19:1-13; 11:13-19 ("Anyway I hope this court will grant me a new trial And vacate Judgment or extension of time. I was not treated fairly according to the judicial process.").

To the extent Plaintiff attempts to rely on new arguments in his Response to support claims against CHP, this should be rejected. "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam v. Bogan*, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003); *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (stating although pleadings are construed liberally in their favor, *pro se* litigants are bound by the rules of procedure). Accordingly, this Court should disregard the additional arguments in Plaintiff's Response that are well beyond the factual allegations and theories contained within the Amended Complaint. *See, e.g.*, Response at 2:8-2:13, 4:2-4:4; 5:25-5:27.

This Court has discretion to deny leave to amend in this circumstance. "A pro se litigant is entitled to receive notice of the deficiencies in the complaint and an opportunity to amend before dismissal with prejudice is appropriate, **unless the deficiencies cannot be cured by amendment**." *Deadmon v. Grannis*, 2008 WL 595883, at *14 (S.D. Cal. Feb. 29, 2008). As shown below, Plaintiff's Amended Complaint does not withstand even passing scrutiny.

For example, Plaintiff's new citation to the First and the Eight Amendments cannot save

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7694752.1

5

DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY MEMO. ISO MOTION TO DISMISS COMPLAINT
Case No. CV 07-06504 JSW

his Amended Complaint because, among other reasons, there is no state action alleged here.[3] Given that CHP is a private non-profit organization, Plaintiff cannot show state action. The principle of state action is founded on the proposition that the Fourteenth Amendment proscribes conduct by the state, not private persons. *Civil Rights Cases*, 109 U.S. 3, 11 (1883). Generally, state action is found when the action challenged on constitutional grounds is "fairly attributable to the state." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Plaintiff's Amended Complaint alleges no facts that would attribute the CHP's actions to the state.

The facts of *Rendell-Baker* are instructive here regarding Plaintiff's burden to allege and show state action. In *Rendell-Baker*, employees charged a nonprofit private school for troubled youths with discharging them in retaliation for the exercise of First Amendment rights. The Supreme Court held that the school was not subject to the Fourteenth Amendment despite the facts that the vast majority of the school's students are government-referred, and that public funds account for over ninety percent of the school's budget. *Id.* at 456.

The Court reasoned that the state did not compel or ratify the discharge decisions, and while education may have been a public function, it is not within the "exclusive province of the State." *Id.* at 457; *see also Golden Gateway Ctr. v. Golden Gateway Tenants Ass'n*, 26 Cal. 4th 1013, 1032 (2001) (holding California State Constitution First Amendment did not apply to prevent landlord from banning newsletters because a private apartment complex was not the functional equivalent of a public forum).

Plaintiff's Eighth Amendment argument that his eviction constituted "cruel and unusual punishment" is even more far-fetched, as Plaintiff would have to show he was subjected to criminal sanction, as well as meeting the jurisdictional requirements to implicate the Eighth Amendment.[4] The Eighth Amendment does not apply outside of criminal proceedings.

---

[3] *Thomas v. Collins*, 323 U.S. 516 (1945), relied upon by Plaintiff, is easily distinguished. In *Thomas*, the Supreme Court held that petitioner's First Amendment rights were violated by a law that required him to register with a Texas agency before soliciting on behalf of labor unions. *Id.* at 518. Certain Texas labor code provisions—regulations which were inarguably state action— were at issue. *Id.* at 519. Petitioner was served with an ex parte restraining order pursuant to this statute which resulted in his imprisonment. *Id.* at 521-522. This case has no relevance here.

[4] *Hudson v. McMillian*, 503 U.S. 1 (1992), relied upon by Plaintiff, is not on point. In *Hudson*, a prisoner brought a 42 U.S.C. § 1983 action against the prison guard and prison responsible for a violent beating he received. No such state action, or criminal punishment, is alleged here, nor can

1-SF/7694752.1

6

DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY MEMO. ISO MOTION TO DISMISS COMPLAINT
Case No. CV 07-06504 JSW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  *Ingraham v. Wright*, 430 U.S. 651, 667-668, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (Eighth Amendment only applies to criminal punishments undertaken by state actors).  Here, of course, Plaintiff's First Amended Complaint fails to allege that he was subject to criminal sanction and fails to allege CHP is a state actor.

Likewise, Plaintiff's bald, conclusory argument that CHP failed to accommodate his disability is similarly groundless and well beyond the pleadings.  For example, in his response, Plaintiff does not state the legal basis for his new theory or why such a move would have constituted an accommodation.

In conclusion, as Plaintiff's Amended Complaint shows, he brought about his own eviction because he refused to stop pulling the firm alarm; he was a nuisance and a disruption to other CHP tenants.

**B.   Dismissal is Required Here Pursuant to FRCP 12(b)(1)**

Both Plaintiff's Amended Complaint and his Response are fundamentally an attempt to have this Court revisit the unfavorable ruling in his unlawful detainer action.  As argued in CHP's Motion to Dismiss, the Rooker-Feldman Doctrine prevents a court from sitting in judgment of a state court unlawful detainer action.  *Busch v. Torres*, 905 F. Supp. 776, 771 (C.D. Cal. 1995) (holding federal district court precluded from reviewing state court judgment in unlawful detainer action and subsequent enforcement of judgment through writ of possession for premises). Plaintiff's Response does not address this authority;[5] instead, as discussed above, he takes a 'kitchen sink' approach and asserts a number of additional theories, hoping that conclusory arguments will prompt this Court to review the underlying state court action..

As shown above, Plaintiff has provided this Court with no basis to exercise jurisdiction, and his Amended Complaint should be dismissed with prejudice.

---

it be alleged.
[5] Plaintiff does not rebut CHP's argument that there is no diversity jurisdiction here, and therefore concedes this point.

1-SF/7694752.1                                         7

DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY MEMO. ISO MOTION TO DISMISS
COMPLAINT
Case No. CV 07-06504 JSW

### III. CONCLUSION

For all the foregoing reasons, defendant Community Housing Corporation respectfully requests that plaintiff Aaron Brown's entire Amended Complaint be dismissed without leave to amend. The Amended Complaint contains fatal defects that cannot be cured by amendment.

Dated: April 25, 2008                                    MORGAN, LEWIS & BOCKIUS LLP


By _____/s/_____
         Matthew S. Weiler

*Attorneys for Defendants
Community Housing Partnership*

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7694752.1

8

DEFT COMMUNITY HOUSING PARTNERSHIP'S REPLY MEMO. ISO MOTION TO DISMISS COMPLAINT
Case No. CV 07-06504 JSW