# Exhibit 1

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| AARON BROWN<br>519 Ellis Street #507<br>San Francisco, CA 94109 | (415) 775-0506 | **FILED**<br>San Francisco County Superior Court<br>NOV 21 2007<br>GORDON PARK-LI, Clerk<br>BY _____ Deputy Clerk |
| ATTORNEY FOR (Name): Defendant In Pro. Per. | | |
| NAME OF COURT: S.F. SUPERIOR COURT<br>STREET ADDRESS: 400 McAllister Street, Room 103<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Limited Jurisdiction | | |
| PLAINTIFF: COMMUNITY HOUSING PARTNERSHIP | | |
| DEFENDANT: AARON BROWN, et al. | | |
| ANSWER—Unlawful Detainer TO FIRST AMENDED COMPLAINT | | CASE NUMBER:<br>623924<br>Limited Civil Case |

1. Defendant (names): Aaron Brown

   /first amended
   answers the complaint as follows:

2. Check ONLY ONE of the next two boxes:  /first amended
   a. [X] Defendant generally denies each statement of the complaint. (Do not check this box if the complaint demands more than $1,000.
   b. [ ] Defendant admits that all of the statements of the complaint are true EXCEPT
      (1) Defendant claims the following statements of the complaint are false (use paragraph numbers from the complaint or explain):

      [ ] Continued on Attachment 2b (1).
      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them (use paragraph numbers from the complaint or explain):

      [ ] Continued on Attachment 2b (2).

3. AFFIRMATIVE DEFENSES  (NOTE: For each box checked, you must state brief facts to support it in the space provided at the top of page two (item 3j).
   a. [ ] (nonpayment of rent only) Plaintiff has breached the warranty to provide habitable premises.
   b. [ ] (nonpayment of rent only) Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. [ ] (nonpayment of rent only) On (date): _____ before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. [X] Plaintiff waived, changed, or canceled the notice to quit.
   e. [X] Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. [X] By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California.
   g. [X] Plaintiff's demand for possession violates the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage): San Francisco Residential Rent Stabilization and Arbitration Ordinance, June 1979, as amended.
      (Also, briefly state the facts showing violation of the ordinance in item 3j.)
   h. [ ] Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. [X] Other affirmative defenses are stated in item 3j.

Page 1 of 2

Form Approved by the Judicial Council of California
UD-105 [Rev. January 1, 2007]

ANSWER—Unlawful Detainer

Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 415.12
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

UD-105

| PLAINTIFF (Name): COMMUNITY HOUSING PARTNERSHIP | CASE NUMBER: 623924 |
|---|---|
| DEFENDANT (Name): AARON BROWN, et al. | |

3. AFFIRMATIVE DEFENSES (cont'd)
j. Facts supporting affirmative defenses checked above (identify each item separately by its letter from page one):

(1) [X] All the facts are stated in Attachment 3j.   (2) [ ] Facts are continued in Attachment 3j.

4. OTHER STATEMENTS
    a. [ ] Defendant vacated the premises on (date):
    b. [X] The fair rental value of the premises alleged in the complaint is excessive (explain):
        due to the above defects and breach of the covenant of quiet enjoyment.

    c. [X] Other (specify):
        Defendant requests credit for security deposit, in an amount according to proof.

5. DEFENDANT REQUESTS
    a. that plaintiff take nothing requested in the complaint.
    b. costs incurred in this proceeding.
    c. [ ] reasonable attorney fees.
    d. [X] that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
    e. [X] Other (specify):
        such other relief as the Court deems just and proper.

6. [X] Number of pages attached (specify): 5

UNLAWFUL DETAINER ASSISTANT (Business and Professions Code sections 6400-6415)
7. (Must be completed in all cases) An unlawful detainer assistant [X] did not [ ] did for compensation give advice or assistance with this form. (If defendant has received any help or advice for pay from an unlawful detainer assistant, state:
    a. Assistant's name:                                    b. Telephone No.:
    c. Street address, city, and ZIP:
    d. County of registration:                              e. Registration No.:          f. Expires on (date):

AARON BROWN
(TYPE OR PRINT NAME)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

_____
(TYPE OR PRINT NAME)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)

VERIFICATION
(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)
I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: November 21, 2007

AARON BROWN
(TYPE OR PRINT NAME)        (SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 1, 2007]            ANSWER—Unlawful Detainer            Page 2 of 3

LexisNexis® Automated California Judicial Council Forms

```
 1  Attachment 3j
    CASE NAME: COMMUNITY HOUSING PARTNERSHIP v. BROWN, et al.
 2  CASE NO.: 623924

 3  3d.  Plaintiff and/or Plaintiff's agents waived or changed or
    canceled the notice to quit through statements. Plaintiff's
 4  attorney told Defendant that he didn't have to worry about the
    three-day notice and that there was no pending litigation.
 5
    3e.  Plaintiff served Defendant with the notice to quit or filed
 6  the complaint in order to retaliate against Defendant because
    Defendant exercised his rights in ways that include but are not
 7  limited to the following: calling the police; filing for
    restraining order; and for exercising his First Amendment rights at
 8  the Community Housing Partnership Board Meeting of October 16,
    2007.
 9
    3f.  Plaintiff is arbitrarily discriminating against Defendant
10  because of race and/or disability.

11  3g.  The subject premises are subject to the San Francisco
    Residential Rent Stabilization and Arbitration Ordinance and
12  Plaintiff has failed to comply with the requirements of the Rent
    Ordinance in ways that include but are not limited to the
13  following:  Plaintiff's dominant motive is not one allowed by the
    Rent Ordinance and services have been decreased without a
14  corresponding decrease in rent.

15  3i.  Other
    (1) Plaintiff has not performed its obligations under the rental
16  agreement in ways that include, but are not limited to the
    following:  breached the warranty of habitability by not making
17  needed repairs and breached the covenant of quiet enjoyment and
    failed to provide competent management for safety of tenant.
18       Defects exist or existed at the premises including, but not
    limited to, the following: infestation of rodents, bedbugs,
19  insects; defective plumbing; inadequate heat; inadequate security;
    gaps around doors; common areas unclean; security issue with
20  window/screen in laundry room.  Plaintiff has had actual and/or
    constructive notice of the defects but has failed to make needed
21  repairs.
         On November 15, 2007, Defendant again gave notice to Isabella
22  Marshal, manager, and Scott, assistant manager, of the continuing
    security issue with the window/screen in the laundry room, which
23  needed repair.  Isabella stated that she knew and she wished she
    could find out the tenant who was doing it.  Also on or about
24  November 2, 2007, Defendant gave notice to Isabella, Tanisha,
    Tenant Service Supervisor, and her staff of security concern
25  regarding the same issue.  In general there has been a security
    lapse in repairing effectively by management for over six months.
26  Defendant asked Isabella in early September of 2007 if he could put
    a lock and chain around the window to keep it from being open, but
27  she said no.
         See attached copy of Police Report.
28       See attached copy Incident Report stemming from Community
    Housing Partnership Board Meeting of October 16, 2007.
    (2) Plaintiff has failed to make reasonable accommodation for
```

1  Defendant's disability. See attached copy of diagnosis.
   (3) Defendant was constructively evicted from the premises.
2  (4) Plaintiff has committed an abuse of process.
   (5) Plaintiff has intentionally inflicted emotional distress on
3  Defendant.