DIANE L. WEBB, SBN 197851
MATTHEW S. WEILER, SBN 236052
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: dwebb@morganlewis.com

LILLIAN WOUNG, SBN 253430
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: 650.843.4000
Fax: 650.843.4001
E-mail: lwoung@morganlewis.com

Attorneys for Defendant
COMMUNITY HOUSING PARTNERSHIP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON BROWN,<br><br>            Plaintiff,<br><br>            v.<br><br>COMMUNITY HOUSING PARTNERSHIP; SUPERIOR COURT OF THE STATE OF CALIFORNIA, DEPARTMENT 501,<br><br>            Defendants. | Case No. CV 07-06504 JSW<br><br>**DEFENDANT COMMUNITY HOUSING PARTNERSHIP'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: May 16, 2008<br>Time: 9:00 a.m.<br>Location: Courtroom 2<br>Judge: Hon. Jeffrey S. White<br><br>Action Filed: December 31, 2007 |

    Defendant Community Housing Partnership ("CHP" or "Defendant") submits this case management statement and proposed order ("CMC Statement") in connection with the May 16, 2008 case management conference.[1] CHP respectfully requests the Court adopt CHP's proposed order as the case management order in this case.

---

[1] CHP submits this CMC Statement on behalf of itself only. Plaintiff Aaron Brown ("Plaintiff" or "Mr. Brown") refused to submit a joint statement.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7693997.4

DEFENDANT'S CASE MANAGEMENT STATEMENT
AND [PROP] ORDER (CV 07-06504 JSW)

**1. Description of basis for Court's subject matter jurisdiction, whether any issue exists regarding personal jurisdiction or venue, and whether any parties remain to be served:**

As outlined in CHP's pending motion to dismiss, this Court does not have subject matter jurisdiction over the matters alleged in Mr. Brown's amended complaint dated December 31, 2007 ("Amended Complaint"). Mr. Brown fails to allege any basis for this Court's subject matter jurisdiction. The parties lack complete diversity, and the Amended Complaint does not raise a federal question.

**2. Description of the cases and defenses, the key factual events underlying the action, and a brief description of any related proceeding, including any administrative proceeding:**

CHP is a non-profit community organization devoted to combating the homelessness crisis in San Francisco. CHP offers permanent housing for homeless persons and on-site support services to provide vital assistance for its tenants to overcome homelessness permanently. Through CHP's programs, many formerly homeless individuals have found not only a home, but also an accepting community.

Plaintiff Mr. Brown is a former tenant of CHP housing. During Mr. Brown's residence at CHP housing, he repeatedly harassed and placed his former-fellow tenants in danger.

For example, Mr. Brown chained and locked a fire exit window shut and repeatedly pulled the fire alarm in his building.[2] The Fire Department eventually fined CHP for Mr. Brown's repeated false alarms and advised CHP that if Mr. Brown continues to pull the fire alarm, that eventually, the Fire Department will stop responding altogether, thereby potentially endangering all the residents of the building and CHP staff members if there had been an actual fire.

CHP tried to work our an arrangement with Mr. Brown whereby he would promise to stop pulling the fire alarm so that he could remain in CHP housing. CHP's attempts failed. Despite repeated warnings and attempts to negotiate the situation, Mr. Brown continued to disregard his fellow tenants' and CHP staff members' safety and wellbeing.

Left with no choice, on November 1, 2007, CHP filed an unlawful detainer action against Mr. Brown in the Superior Court in and for the City and County of San Francisco. A jury trial

---

[2] Plaintiff's Preliminary Injunction Motion at 18; Plaintiff's Amended Complaint at 7:3-4.

1  was conducted, and on December 20 2007, the jury returned a verdict in CHP's favor. On

2  December 20, 2007, the San Francisco Superior Court entered judgment in favor of CHP, which

3  returned possession of the premises to CHP.

4        Mr. Brown then made numerous, unsuccessful attempts to overturn the state court

5  judgment including a request for stay of the enforcement of the judgment and petition for writ of

6  mandate. All were denied by the San Francisco Superior Court.[3] Then, on March 4, 2008, the

7  Appellate Division of the San Francisco Superior Court dismissed his appeal.

8        Mr. Brown's federal court action is but another attempt to re-litigate and overturn the

9  underlying state court judgment. He requests this Court to grant a "stay order new/trial."[4] In fact,

10  this Court, on December 31, 2007 previously denied Mr. Brown's request to stay the state court

11  judgment.[5]

12        On January 2, 2008, the United States Court of Appeal denied Mr. Brown's petition to

13  overturn this Court's December 31, 2007 order.[6]

14        And, on March 4, 2008, Superior Court Appellate Division subsequently denied Mr.

15  Brown's appeal of the judgment. Nonetheless, Mr. Brown continues to pursue improper review

16  of the state court proceedings by this Court.

17        Notwithstanding the jurisdictional issues, the Amended Complaint is also unintelligible.

18  It fails to state any cause(s) of action upon which relief can be granted.

19        For example, in and attempt to keep this meritless litigation going, in opposition to CHP's

20  motion to dismiss, Mr. Brown makes bald, conclusory statements regarding various constitutional

21  violations and claims that his eviction was in retaliation for his request to move to another CHP

22  facility, which Mr. Brown states constituted an accommodation for his disability.

23        While *pro se* litigants should have fair access to a hearing on the merits of their claims, no

24  litigant should be allowed to maintain an action by repeatedly arguing different theories. Mr.

25  Brown has turned this litigation into moving target. With each subsequent submission to this

---

[3] CHP's Request for Judicial Notice in Support of its Motion to Dismiss Complaint.
[4] Amended Compl. at 19:5-12.
[5] Order Denying Motion to Stay Order of Eviction entered December 31, 2007.
[6] This Court's January 9, 2008 order.

Court, he changes case theories and the facts, yet still cannot state a claim. Additionally, Mr. Brown now arbitrarily demands "one million dollars" and "pain and suffering" damages.[7]

**3.  Brief description of the legal issues genuinely in dispute, including whether there are any dispositive or partially dispositive issues appropriate for decision by motion or agreement:**

**Principal Legal Issues which the Parties Dispute:**

**Without intending limitation, the parties dispute the following legal issues:**

(1) whether the Complaint alleges facts sufficient to establish subject matter jurisdiction; (2) whether the Complaint states a cause of action upon which relief can be granted; and (3) whether Mr. Brown has met the legal standard for a preliminary injunction.

**Issues Appropriate for Decision by Motion or Agreement:**

All of the above are appropriate for resolution by motion.

Thus far, CHP has not been able to gain Mr. Brown's cooperation in the simplest of matters. Accordingly, an agreement on the above, or any other issues for that matter, is highly unlikely.

**4.  Brief description of the procedural history of the matter, including a list of all pending motions and their current status:**

**Procedural History:**

On December 31, 2007, Mr. Brown filed his Amended Complaint against CHP and the Superior Court of the State of California, Department 501, seeking "medical costs incurred (as a result of this filing," "punitive and compensatory damages," "stay order new/trial," "and any all damages the court deems proper," and a "jury trial."[8] The Amended Complaint fails to assert any cognizable claims against CHP upon which the request relief can be granted.

On February 8, 2008, Mr. Brown filed a motion for preliminary injunction. Like his Amended Complaint, it is unclear exactly what relief Mr. Brown seeks – beyond overturning the Superior Court judgment.[9]

CHP then moved to dismiss the Amended Complaint in its entirety on February 13, 2008.

---

[7] Plaintiff's Opposition at 5:26-27.
[8] Amended Compl. at 19:5-12.
[9] CHP opposed the motion for preliminary injunction on March 14, 2008.

1     Mr. Brown, in turn, requested additional time to respond to CHP's motion. This Court granted Mr. Brown's request on March 25, 2008, and continued the hearing on CHP's motion to dismiss and Mr. Brown's motion for preliminary injunction to date to May 16, 2008.

    Mr. Brown filed and served his opposition to CHP's motion to dismiss on April 15, 2008. CHP filed and served its reply on April 25, 2008.

    **Pending Motions:** The following motions are currently pending before this court: (1) motion to dismiss Amended Complaint set for hearing on May 16, 2008; (2) motion for preliminary injunction set for hearing on May 16, 2008; and (3) Mr. Brown's request for production of his therapist's documents and *ex parte* motion to compel, which has not been set for a hearing.

**5. Brief description of the scope of discovery to date, including whether there has been a full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26:**

    **Scope of Discovery:** The parties have not participated in a case management conference or exchanged initial disclosures. On February 13, 2008, Mr. Brown filed a request for production of documents. On April 1, 2008, Mr. Brown filed a request for *ex parte* relief compelling production of documents.

    Mr. Brown refused to serve CHP with a formal document request despite this Court's April 4, 2008 order that required he do so. Nonetheless, in an attempt to resolve this issue, CHP was willing to forego service of a document request. CHP also made repeated attempts to meet and confer with Mr. Brown. He, however, refused to meet and confer beyond repeating his demand to access his therapist's case file and refused to participate in the submission of a joint letter brief regarding this issue as ordered by the Court.

    To aid this court's review of the matter, on April 10, 2008, CHP filed a letter brief under seal discussing the nature of the requested documents, the issues in dispute, and CHP's position.

    As of the submission of this Case Management Statement, this Court has yet to rule on Mr. Brown's motion to compel and/or CHP's letter brief.

    **Compliance with FRCP 26:** As stated above, no case management conference has taken place, and the parties have not exchanged initial disclosures.

1  **6.     Formal, agreed upon plan of the discovery each party intends to pursue:**

2  CHP agrees to abide by the limits on written and deposition discovery set forth in the

3  Federal Rules of Civil Procedure.  CHP wishes to reserve the right to seek a variance for those

4  limits should it be necessary during the litigation of this action.

5  CHP intends to propound document requests, interrogatories, requests for admission, take

6  Mr. Brown's deposition and various third-party witness depositions, if necessary.  Upon receipt

7  of Mr. Brown's initial disclosures, CHP will determine if additional depositions are necessary.

8  CHP anticipates discovery will result in numerous issues and requests this Court appoint a

9  discovery magistrate.

10 **7.     Brief description of the motions each party intends to pursue before trial, the extent
           to which new parties will be added or existing parties deleted, and the extent to
11         which evidentiary, claim-construction or class certification hearings are anticipated:**

12  CHP does not anticipate any claim-construction or class certification hearings.

13  Nonetheless, CHP anticipates there will be some evidentiary issues that the parties are not

14  able to identify at this time as these proceedings are in the early stages and discovery has not yet

15  commenced.

16  CHP may file a further motion to dismiss if the current motion is sustained with leave to

17  amend, as well as motions for summary judgment or, in the alternative, partial summary

18  judgment.

19  Also, if the Court wishes to have the matter briefed, CHP will file a motion to strike Mr.

20  Brown's previously "Judicial Notice Professional Rules of Misconduct."

21  CHP does not anticipate that Mr. Brown will add new parties to this action or voluntarily

22  dismiss any existing parties.

23 **8.     Brief description of the relief sought, including the method by which damages are
           computed:**
24

25  CHP has not brought a counterclaim, and, therefore, at this time is not seeking affirmative

26  relief at this time.

27  Mr. Brown seeks "medical costs incurred (as a result of this filing)," "punitive and

28  compensatory damages," "and any all damages the court deems proper."  Mr. Brown also seeks a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7693997.1                    6         DEFENDANT'S CASE MANAGEMENT STATEMENT
                                            AND [PROP] ORDER (CV 07-06504 JSW)

1  "stay order new/trial."[10]  In his reply to CHP's motion to dismiss, Mr. Brown claims damages in

2  the amount of "one million dollars," and "all medical costs incurred as a result of this action and

3  his pain and suffering."  Mr. Brown has not provided any indication of the methods used to

4  compute his claimed damages.

5  **9.    ADR efforts to date and specific ADR plan for the case, whether the parties have complied with Civil L. R. 16-8(b) regarding ADR certification, and the prospects for settlement including whether each party wishes to have a settlement conference with another judge or magistrate:**

8  CHP filed its ADR Certification on March 21, 2008, and stated that it is willing to

9  participate in an early neutral evaluation ("ENE").  Mr. Brown does not elect to participate in an

10  ENE.[11]

11  **10.   Whether all parties will consent to assignment of the case to a magistrate judge to conduct all further proceedings including trial:**

13  CHP will not consent to the assignment of this case to a magistrate.

14  **11.   Proposed deadline and court dates, including a discovery cut-off, hearing dispositive motions, pretrial conference and trial date, the anticipated length of trial, the approximate number of witnesses, expert and exhibits, whether the case will be tried by jury or to the Court, whether it is feasible to bifurcate issues for trial or reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence:**

18  The parties have not discussed any of the above.

19  In his Amended Complaint, Mr. Brown demands a jury trial.[12]

20  CHP proposes a discovery schedule as set forth in its proposed order below.

21  **12.   Service list for all counsel is as listed in the caption on the title page.**

22  **13.   Non addressed items from Civil L.R. 16-10:**  *See* section 11, *supra*.

23  **12.   Certification of Interested Persons and Entities Pursuant to Civil L.R. 3-16:**

24  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

25  named parties, there are no other persons or entities that may have a pecuniary interest in the

26  outcome of this case.

---

[10] Amended Compl. at 19:5-12.
[11] Plaintiff's "Statement of Judicial Partiality Notice Reserving Removal," Doc. 46 at 3:8-13.
[12] Amended Compl. at 19:5-6.

Dated: May 7, 2008                                           MORGAN, LEWIS & BOCKIUS LLP


                                                             By /s/Lillian Woung
                                                                Lillian Woung
                                                                Attorneys for Third-Party Defendant



### [PROPOSED] CASE MANAGEMENT ORDER

On this ___ day of May, 2008, it is hereby **ORDERED** that the following case management schedule shall govern n the *Aaron Brown v. Community Housing Partnership* action.

1. <u>Discovery Schedule.</u>  The following deadlines shall apply to fact and expert discovery and motions for summary adjudication:

| Date | Event |
|---|---|
| June 13, 2008 | Last day for 26(a)(1) and 26(a)(2) disclosures. |
| June 16, 2008 | Commence Fact Discovery |
| September 30, 2008 | Close of Fact Discovery |
| October 1, 2008 | Initial Expert Reports Due |
| October 15, 2008 | Responsive Expert Reports Due |
| October 20, 2008 | Close of Expert Discovery |
| November 14, 2008 | Deadline for filing motions for summary judgment |
| November 28, 2008 | Deadline for oppositions to motions for summary adjudication |
| December 12, 2008 | Deadline for replies in support of motions for summary adjudication |
| January 2, 2009 | Hearing on Summary Judgment |
| January 19, 2009 | Pre-trial Submissions |
| January 23, 2009 | Oppositions to Motions *in Limine* |
| January 26, 2009 | Trial Commences |

**IT IS SO ORDERED.**


Dated: May ___, 2008


                                                                _____
                                                                Jeffery S. White
                                                                U.S. District Court Judge in and for the
                                                                Northern District of California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7693997.1                                8         DEFENDANT'S CASE MANAGEMENT STATEMENT
                                                        AND [PROP] ORDER (CV 07-06504 JSW)