IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BROWN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMUNITY HOUSING PARTNERSHIP and SUPERIOR COURT OF THE STATE OF CALIFORNIA AND COUNTY OF SAN FRANCISCO DEPARTMENT 501, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 07-06504 JSW<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS AND (2) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Now before the Court is the motion to dismiss for lack of subject matter jurisdiction filed by defendant Community Housing Partnership ("CHP"). Having reviewed the parties' papers and relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS CHP's motion to dismiss and DENIES Plaintiff's motion for preliminary injunction as MOOT.[1]

**BACKGROUND**

Plaintiff Aaron Brown ("Plaintiff") was a tenant of CHP. (Amended Compl., p. 2.) In this action, he seeks to stay the enforcement of a state court judgment evicting him and seeks to have a new trial. (Amended Compl., p. 2.) CHP moves to dismiss Plaintiff's complaint on

---

[1] CHP's requests for judicial notice are granted. *See* Fed. R. Evid. 201.

several grounds, including that the Court lacks jurisdiction to hear this action pursuant to the *Rooker-Feldman*[2] doctrine.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

**ANALYSIS**

**A.    Applicable Legal Standards.**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases which involve diversity of citizenship, or those cases which involve a federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

**B.    Plaintiff's Action Shall Be Dismissed With Prejudice.**

CHP argues that the Court does not have subject matter jurisdiction over Plaintiff's claims because it is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine

---

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

2

1  mandates that district courts do not have subject matter jurisdiction over challenges to state
2  court decisions in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923);
3  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). "The purpose of
4  the doctrine is to protect state judgments from collateral federal attack. Because district courts
5  lack power to hear direct appeals from state court decisions, they must decline jurisdiction
6  whenever they are 'in essence called upon to review the state court decision.'" *Doe &*
7  *Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*,
8  460 U.S. at 482 n.16). Where "the district court must hold that the state court was wrong in
9  order to find in favor of the plaintiff, the issues presented are inextricably intertwined." *Id.*
10 (citations omitted). The only court with jurisdiction to review decisions of state courts is the
11 United States Supreme Court. *Feldman*, 460 U.S. at 486.
12     In this action, Plaintiff seeks to stay the enforcement of the state court judgment evicting
13 him and seeks to have a new trial. In order to provide Plaintiff such relief, the Court would first
14 have to determine whether the state court was wrong. The Court thus finds that the issues
15 presented by Plaintiff's complaint are "inextricably intertwined" with the state court eviction
16 proceeding. *See Napolitano*, 252 F.3d at 1030. This Court is barred under the *Rooker-Feldman*
17 doctrine from exercising appellate review over state court decisions. *Rooker*, 263 U.S. at 416;
18 *Feldman*, 460 U.S. at 482. Accordingly, this Court must DISMISS Plaintiff's action for lack of
19 subject matter jurisdiction.
20     In opposition to the motion to dismiss, Plaintiff argued that CHP failed to accommodate
21 him based on his disability. At the hearing, Plaintiff explained that he contends that CHP failed
22 to relocate him to another facility. However, Plaintiff raised this contention as an affirmative
23 defense in the state court eviction proceeding. (CHP's Amended Request for Judicial Notice,
24 Ex. 1.) Plaintiff conceded at the hearing that the Court would have to review the state court
25 ruling in order to address this contention. At the hearing, Plaintiff also argued that CHP
26 retaliated against him for speaking at a board meeting. As CHP argued in response, such a
27 claim for retaliatory eviction would have been a defense to the state court eviction proceeding.
28 Again, in essence, Plaintiff is seeking to challenge the state court decision. Because the Court

3

would be barred under the *Rooker-Feldman* doctrine from adjudicating such claims and contentions, the Court will not provide Plaintiff with leave to amend.[3]

## CONCLUSION

For the foregoing reasons, the Court HEREBY DISMISSES Plaintiff's action with prejudice and DENIES Plaintiff's motion for preliminary injunction as MOOT.

**IT IS SO ORDERED.**

Dated: May 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court is dismissing this action for lack of subject matter jurisdiction, the Court HEREBY DENIES Plaintiff's motion for preliminary injunction as MOOT.

4

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AARON BROWN,

        Plaintiff,

  v.

COMMUNITY HOUSING et al,

        Defendant.

Case Number: CV07-06504 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aaron Brown
Attn: Bill
276 Golden Gate Avenue
San Francisco, CA 94102

Dated: May 19, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk